Stephen Underhill *v.* Philip McManus, Defendant, and Winfield Nice and George A. Schreiber, trading as Nice & Shreiber, Garnishees, Appellants.

*Attachment under act of March* 17, 1869—*Foreign attachment—Priority —Time—Fraction of day.*

Preference is to be given in distribution to an attachment under the act of March 17, 1869, P. L. 8, over a foreign attachment which went into the hands of the sheriff and was served the same day, but after the former had been served.

An attachment under the act of March 17, 1869, was left with the sheriff at 10 : 30 A. M., and served upon the garnishee at 10 : 55 A. M. same day. On the same day a writ of foreign attachment was left with the sheriff at

11: 13 A. M., and served upon the same garnishee at 2 : 50 P. M. *Held*, that the plaintiff in the attachment under the act of March 17, 1869, was entitled to priority over the foreign attachment.

Argued March 26, 1896.    Appeal, No. 218, July T., 1895, by garnishees, from order of C. P. No. 2, Phila. Co., Sept. T., 1894, No. 154, making absolute a rule for judgment against garnishees.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.    Affirmed.

Rule for judgment against garnishees.

It was agreed by the parties that Stephen Underhill had issued an attachment under the act of March 17, 1869, against the defendant, Philip McManus, on the 10th day of September, 1894, and had lodged the writ with the sheriff of Philadelphia county, on the same day at 10:30 o'clock; that the sheriff had served the said writ of attachment upon Nice & Schreiber, the garnishees above named, on the same day at 10:55 A. M.; that on the same day the said Fitch et al., trading as above mentioned, had caused to issue a writ of foreign attachment against the said McManus, which was lodged with the sheriff at 11:13 o'clock A. M. of the same day and was served upon the said Nice & Schreiber at 2:50 o'clock of the same day ; that the fund in the hands of Nice & Schreiber belonging to the defendant, McManus, is more than sufficient to pay the judgment of said Underhill with interest and costs of the said Fitch, but it is not sufficient to pay both judgments ; also that the consideration and determination of the cause shall be with the same force and effect as if verdict and judgment had been taken in a feigned issue duly ordered between the said attaching creditors, or upon a report of an auditor distributing a fund paid into court and a confirmation of the said report by the court of common pleas ; and with the same force and effect as if the facts agreed upon had been fully set forth in the answers of the garnishees, which facts were duly admitted before the court of common pleas No. 2, of the county of Philadelphia, upon the argument of the rule for judgment upon answers of the garnishees.

PENNYPACKER, J., filed the following opinion :

This suit was commenced by an attachment under the act of March 17, 1869, Purd. vol. I. p. 70, which was issued Septem-

ber 10, 1894, left with the sheriff at 10:30 A. M., and served upon the garnishee at 10:55 A. M., upon the day that it was issued. Judgment was obtained against the defendant, December 22, 1894, for $1,334.77.

On the same day a writ of foreign attachment was issued at the suit of Halsey Fitch et al., to use, against the defendant, in which bail was fixed at $2,566.68, and on the same day was left with the sheriff at 11:13 A. M., and served upon the garnishees at 2:50 P. M.

The answers of the garnishees set up these facts, and admit that they have in their possession the sum of $1,911.35 belonging to the defendant. The question to be determined is whether, in a case of this kind, the law will consider fractions of a day and give the preference in distribution to an attachment under the act of 1869 over a foreign attachment, which went into the hands of the sheriff, and was served at a later hour upon the same day.

In Long's Appeal, 23 Pa. 297, it was held that, as between several writs of foreign attachment served upon the same day, there was no priority of payment, and the decision is based upon the principle that in judicial and other public proceedings there are no fractions of a day, and that all transactions of the same day are in general regarded as occurring at the same instant of time.

In Baldwin's Appeal, 86 Pa. 483, it was held that the same rule applies to writs of attachment execution. In that case it was considered that the process of attachment execution had an approximate relationship to that under a writ of foreign attachment, and was to be distinguished from a writ of fieri facias, which the act of June 16, 1836, provides shall be a lien from the time of its receipt by the officer executing it. We are urged to apply the rule of Long's Appeal and Baldwin's Appeal to the facts of the present case. The process under the act of 1869 differs materially, however, from foreign attachment and attachment execution in one important respect, and in this respect is much more like the writ of fieri facias. The writ of foreign attachment under the act of June 13, 1836, section 50, and attachment execution under the act of June 16, 1837, section 37, are only liens from the time of service, while the attachment under the act of 1869, at least as between suc-

cessive writs under that act, is a lien from the time the writ comes into the hands of the proper officer for service. Section 5 of the act of 1869, P. L. 8, provides : " In case two or more attachments are issued against the same party defendant, the one first in the hands of the proper officer for service shall have the prior lien, and so on as to other writs issued in pursuance of this act, in the order of time in which they are issued to said officer."

While the language of this section, if looked at narrowly, is limited to " writs issued in pursuance of this act," nevertheless its purpose appears to be to fix the time at which the lien of a writ issued under the act shall commence. The first writ is to have a " prior lien." How can it have a prior lien unless its lien becomes fixed at the time the writ comes into the hands of the proper officer? The words imply that there is one lien which is earlier in time and another lien which is later. In case there are several writs under the act, they have priority " in the order of time in which they are issued to the said officer." That can only be the case upon the theory that each writ becomes a lien at the time the officer receives it.

In the case of The Bank v. Hilgert, 3 Pennypacker, 440, Judge LUDLOW, whose opinion was affirmed by the Supreme Court, says :

" Upon the question of priority of lien we are also of the opinion that the lien of these attachments dates from the time the writs were issued and came into the hands of the proper officer for service and not from the time of service on the garnishee."

In the case of The Bank v. Hunter, 19 Phila. 486, Judge WILLSON says :

" In its operation the act of 1869 makes an attachment, though it is not a writ of execution, to resemble in respect of priority of lien the writ of fi. fa., which is made by the statute to bind the property of the defendant from the time when it is delivered to the sheriff."

While the questions raised in those cases were different, these citations indicate that the learned judges there entertained the same view of section 5 of the act of 1869, which is here expressed. We think, therefore, that judgment should be entered for the plaintiff for the amount of his judgment and interest.

*Error assigned* was order making absolute rule for judgment.

*Leoni Melick*, of *Melick & Potter*, *John Sparhawk, Jr.*, with him, for appellants.—There is no priority as to payment between several writs of foreign attachment served or levied on the same day on personal or real estate: Long's App., 23 Pa. 297 ; Baldwin's App., 86 Pa. 483.

If the legislature intended that a writ of attachment under the act of March 7, 1869, P. L. 8, should become a lien from the moment it reached the hands of the sheriff as against another writ under another act it would have said so in unmistakable terms : Broom's Legal Maxims, sec. 33 ; 1 Sharswood Bl. Com., 87 ; Mitchell v. St. Maxent's Lessee, 71 U. S. 650 ; Yates v. Meadville Borough, 56 Pa. 22.

The court will not permit an inquiry to ascertain the exact moment of entering a judgment, but judgments on the same day at different times take pro rata: Lanning v. Pawson, 38 Pa. 482 ; Small's App., 24 Pa. 398 ; Bank v. Hilgert, 3 Penny. 440 ; Bank v. Hunter, 19 Phila. 486 ; Clawson v. Eichbaum, 2 Grant, 130 ; Metzler v. Kilgore, 3 P. & W. 245 ; Boyer's Est., 51 Pa. 436.

*Alfred Frank Custis*, for appellee, was not heard but argued in his printed brief.—To prevent gross injustice the order of events will always be investigated: Long's App., 23 Pa. 297 ; Duncan v. McCumber, 10 W. 212.

A writ of foreign attachment, duly served and levied has priority to ordinary writs of execution issued at a later hour on the same day : Warner's App., 13 W. N. C. 505.

PER CURIAM, April 6, 1896 :

There appears to be no error in this record. The questions presented by the assignments of error were fully considered and correctly decided by the learned judge of the common pleas ; and on his clear and satisfactory opinion the judgment is affirmed.