## William Rice, Appellant, *v.* Anthony Walinszius.

*Attachment under Act of March 17, 1869, P. L. 8—Inception of lien—Execution.*

The lien of a writ of attachment under the act of 1869, begins from the time the writ is issued and comes into the hands of the proper officer for service; it is not necessary to effect a valid service, for the officer to take manual possession of the property attached at the time of the service.

It follows that a sale of property under a fi. fa. lodged with the sheriff subsequently to the attachment does not divest the lien thereof, the sale having been made prior to the judgment obtained on the attachment.

Argued Dec. 5, 1899. Appeal, No. 37, Oct. T., 1899, by plaintiff, from order and decree of C. P. Schuylkill Co., Jan. T., 1898, No. 98, in distribution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Exceptions to auditor's report.   Before KOCH, J.

It appears from the record that on November 23, 1897, plaintiff obtained a judgment for $450, and that a fi. fa. was issued and placed in the hands of the sheriff at 10 A. M., November 27, 1897.   Also that on November 26, 1897, William A. Hewes commenced proceedings by an attachment under the Act of March 17, 1869, P. L. 8, the writ reaching the sheriff's hands on the same day, upon which writ judgment was entered for plaintiff January 10, 1898, by default.   The sheriff made a levy on defendant's property on fi. fa. under the Rice judgment and served the attachment on Anthony Walinszius on December 4, 1897, and the sheriff sold the property December 11, 1897. After the sale, by agreement of all parties interested, the money was paid into court and an order made to distribute the fund. After deducting the costs and deferred claims, there remained for distribution a balance of $108.61, which was awarded by the auditor to William Rice, the plaintiff in the execution on the fi. fa.   On behalf of William A. Hewes the following exceptions were filed:

1. The auditor erred in his conclusion of law that the attachment aforesaid did not acquire a lien upon defendant's property on November 26, 1897, the date when said attachment came to the sheriff's hands.

2. The auditor erred in not awarding distribution to the said attachment, to the amount of said judgment obtained thereon.

3. The auditor erred in finding, as a matter of law, that the writs of fieri facias Nos. 98 and 116, January term, 1898, reaching the sheriff's hands on November 27, 1897, were prior liens to the liens of the said writ of attachment, which reached the sheriff's hands on November 26, 1897.

The court below sustained the exceptions of William A. Hewes, and directed and decreed that the balance of $108.61 be paid to him.   Plaintiff appealed.

*Error assigned* was in sustaining the exceptions of William A. Hewes, and in not awarding the sum to William Rice as per auditor's report.

*Geo. J. Wadlinger*, with him *Arthur L. Shay*, for appellant. —By the common law the fi. fa. was a lien from its teste, and

bound defendant's goods even in the hands of a bona fide purchaser although issued weeks and months after a sale of them: Speer v. Sample, 4 Watts, 367, 369; Duncan v. McCumber, 10 Watts, 212.

In the absence of a statute, neither the issue of an attachment, nor its lodgment in the hands of the proper officer confers any rights upon the plaintiff in defendant's property; it is only when the writ is served: Drake on Attachments, 263.

The correctness of this doctrine is admitted in Bank v. Hilgert, 3 Penny. 437. We call special attention to this, first, as sustaining our proposition that an attachment under the act of 1869 does not affect a lien of any kind prior to its service and by mere lodgment in the hands of the sheriff; and, secondly, to prevent the court from being misled by the reporter's syllabi of the case, by bringing to your notice that in the case cited the contest was between two attaching creditors and the effect of these attachments on property in the hands of a garnishee.

The attachment is mere preliminary process for the detention of the goods to compel an appearance, to the action begun, when the case proceeds as if by ordinary summons: Gould v. Walker, 2 W. N. C. 81; Cornman's Appeal, 90 Pa. 254; Frailey v. Ins. Co., 9 Phila. 219; Mulligan v. Leeds, 2 W. N. C. 248.

It follows, therefore, first that the Rice fi. fa. had the prior lien; second, that if a lien was acquired by the attachment it was not divested by the sale of the goods on the Rice fi. fa.

Hewes must find his remedy by following the goods sold subject to his lien, if any he had, or else by action against the sheriff.

*Geo. M. Roads*, for appellee.—Although as soon as the writ is served by attaching any particular property, the lien thereon operates from the moment the writ reached the sheriff's hands: 3 Trickett on Liens in Penna. sec. 360, p. 475.

That there seems to be no authority directly in point is strongly persuasive of the view entertained by the profession on this point, covering a period of thirty years, for it must be conceded that this question must have been involved repeatedly in the settlement of questions of preference between attachments against fraudulent debtors and writs of execution.

The following authorities by such strong dicta refer to the time when an attachment becomes a lien against the goods of a fraudulent debtor, asserting such time to be the moment the writ reaches the hands of the officer charged with its execution, that we are content to rest this case upon the correctness of such views so expressed: Philadelphia Nat. Bank v. Hilgert, 3 Penny. 437; Dreisbach v. Mechanics' Bank, 113 Pa. 554; Underhill v. McManus, 175 Pa. 39; Jaffray's Appeal, 101 Pa. 583.

OPINION BY WILLIAM W. PORTER J., January 17, 1900:

The first question raised by this appeal is, Does an attachment under the Act of March 17, 1869, P. L. 8, become a lien on delivery of the writ to the sheriff? The second question is, Does a sale of the property under a fi. fa. lodged with the sheriff subsequently to the attachment, divest the lien of the attachment, the sale having been made prior to judgment obtained on the attachment? An affirmative answer to the second question is contended for by the appellant on the ground that it required service of the attachment, an actual levy and manual seizure of the property to establish a full preliminary lien. Both of the questions are answered by the language used by the Supreme Court, in Dreisbach v. The Bank, 113 Pa. 554. Mr. Justice GREEN referring to an attachment under the act of 1869, there says: "We have, however, decided that the lien of the writ commences from the time the writ is issued and comes in the hands of the proper officer for service, and that to effect a valid service it is not necessary for the officer to take manual possession of the property attached at the time of the service: National Bank v. Hilgert, 3 Pennypacker, 437; Jaffray's Appeal, 101 Pa. 583." See also Underhill v. McManus, 175 Pa. 39. These decisions were, it is true, not reached in contests between writs of fi. fa. and attachments under the act of 1869. We have considered with due care the earnest argument for the appellant, but adhere to the construction which the Supreme Court has placed upon its own previous adjudications, as expressed in the language above quoted.

Judgment affirmed.