Woods Trust.

Argued May 25, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused September 25, 1944.

*H. F. Stambaugh*, for appellant.

*Samuel W. Pringle*, of *Dalzell, McFall, Pringle & Bredin*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1944:

A deed of trust permits a trustee to borrow or advance money from its own account to provide support for beneficiaries and to maintain the home in which they reside; authorizes repayment of advances made prior to execution of the deed of trust out of proceeds of the sale of trust properties upon final distribution; secures payment of advances by making trustee a party in interest as a creditor against the trust property; and, provides that no powers or duties bestowed upon trustee by said deed of trust shall "take from or limit its right as a creditor." May the trustee properly apply income to repay said advances before paying taxes upon properties constituting the trust res? The court below held that it could.

Sarah L. Woods died February 22, 1904, seized of two tracts of real estate—a warehouse property at 425-427 Water Street, Pittsburgh, and a 60-acre tract in Greentree Borough, occupied as a family residence. By her will she bequeathed her entire estate to Stephen Woods, James C. Biggert, and John A. Sutton, in trust, for the benefit of her children, said trust not to exceed 15 years. On April 4, 1913, the trustees gave a mortgage to David T. Watson to secure a debt of $10,000, the proceeds of which were to be used for the payment of accumulated taxes and the improvement of the residence on the aforesaid Greentree property. On February 22, 1919, the six then living children of Sarah L. Woods executed a deed of trust giving to the Commonwealth Trust Company of Pittsburgh, as trustee, the aforesaid properties and provided that it should pay to Mary T. Woods $100 per month for the maintenance of the aforesaid family home and $10 each per month to Mary T. Woods, Juliet A. Woods, and Lillie G. Lawson. From said date until October 7, 1932, the trustee managed said estate pursuant to the aforesaid agreement and subsequent agreements and powers of attorney made necessary by the death of three of the children of Sarah L. Woods. The stipulated

payments exceeded income as a result of which there was an overdraft of $6,675.15 carried in the income account.

On October 7, 1932, Juliet A. Woods and others, grandchildren of Sarah L. Woods, deceased, by deed of trust, conveyed to the Commonwealth Trust Company, appellee, the aforementioned properties subject to the $10,000 mortgage to David T. Watson upon the Water Street property, now held by appellant, the Fidelity Trust Company, as trustee, and a mortgage of $8,000 upon the three-sevenths interest of Juliet, in all real estate conveyed. This deed of trust referred to the prior agreements above mentioned and gave appellee the power to borrow either from others or advance on its own account money to carry out the purposes of the trust "and after deducting from the income the Trustees' commissions and necessary expenses in connection with the trust" to pay out of net income $150 per month to Juliet for the maintenance of the Greentree residence and her personal use and $25 a month to Lillie G. Lawson. Further "with power to pay any deficiency for said period out of the principal of the trust in the event of sale of any trust property, and until such sale the Trustee shall have power to borrow or advance money and to pay such deficiencies out of such funds, provided, however, that nothing herein shall impute or impose any obligation upon said Trustee to pay any sum in excess of the net income to such beneficiaries, and any sum or sums borrowed or advanced by it shall be charged against the principal of the trust property." The trust was to continue during the joint lives of Lillie and Juliet and the survivor of them. Upon termination of the trust, distribution was to be made as follows: "(1) to repay all advances or loans with legal interest made to the trust fund by the said Commonwealth Trust Company . . . which advances now amount to the sum of $6,675.15 . . . (2) to repay all advances or loans with legal interest made to the trust fund to supplement the income

therefrom to permit payment of the full monthly allowances of the life beneficiaries hereto as hereinbefore provided . . ."

The trust agreement secured to appellee all rights of a creditor against the trust property with regard to the advances made theretofor.[1] Appellant received six percent interest on its mortgage up to April of 1936. On March 1, 1942, total delinquent taxes on the Water Street property amounted to $17,063.27, and on the Greentree property $18,622.43. In its account appellee claimed credit out of income received to reimburse itself for advances made prior to October 7, 1932. The reimbursements were not made at any particular time but on an open account.

Appellant excepted to said account objecting to the right of appellee to so reimburse itself, contending that it was required to apply all net income to payment of delinquent taxes and that reimbursement must be made from principal. The court below dismissed said exceptions holding that appellee had the right to reimburse itself for advances made out of income received and was under no obligation to apply it to the payment of taxes and interest. This appeal followed.

The cardinal factors here involved are (1) the intention of the parties to secure support for the daughters of Sarah L. Woods, and to maintain the Greentree residence for their use, and (2) preservation of appellee's right as a creditor against the trust property to secure reimbursement of the $6,675.15 advanced by it prior to the agreement of 1932, irrespective of its duties and powers as a trustee. The first has been accomplished to the satisfaction of all parties to the deed of trust; the second has been accomplished but with objection by appellant, trustee of the Watson mortgagee.

---

[1] "It is the intent hereof that the said Commonwealth Trust Company is a party in interest hereunder to the extent of its claim as a creditor against the trust properties, and no reference herein to it as trustee, or any duty or powers herein bestowed upon it, shall take from or limit its right as a creditor . . ."

The deed of trust was carefully couched in language calculated to insure repayment to appellee of advances made under prior deeds of trusts. Its rights as a creditor were expressly preserved and the trust property made security therefor. As a creditor, appellee had the right to apply money received from the estate in a manner most beneficial to itself: *Page v. Wilson,* 150 Pa. Superior Ct. 427, 433. In that case the applicable rule of law is stated as follows: "The debtor has a right to make the application, in the first instance, and failing to exercise it, the same right devolves on the creditor. When no application is made by either party, the law determines how the payments are to be applied in accordance with equitable rules and principles, and primarily, it deems the payments to have been made in discharge of the earliest liabilities of a running account —each item of credit is applied in extinguishment of the earliest debit items in the account; in other cases, it will apply the payment, when not appropriated by either party, in the way most beneficial to the creditor, that is, to the *debt least secured,* unless to the prejudice of a surety." Exercise of this right cannot now operate to prejudice appellee.

Because of the express provision making appellee a creditor of the estate, it is unnecessary to pass upon the right of a trustee to secure reimbursement from trust property for advances to a beneficiary. See Scott, Trusts, sections 244 and 245; Restatement, Trusts, section 250, comment (d) ; section 251.

Appellee trust company having the right to apply money received from the estate to the payment of the existing debt, appellant can secure no rights to have the said money applied to the payment of taxes or interest upon the mortgaged property or the mortgage. No separate agreement has been established whereby appellee agreed to first apply the income to the payment of taxes or interest. Appellant could at all times have protected its interest by foreclosure or by exercising the right of

a mortgagee to enter into possession and collect the rents. That it has been dilatory in this regard cannot be made the basis of a charge against the appellee trust company.

The court below properly dismissed appellant's exception to appellee's account.

Decree affirmed. Costs to be paid by appellant.