In the Matter of L. Leroy WILLIAMS a/k/a Lewis Leroy Williams, a/k/a Leroy Williams, and Barbara E. Williams, a/k/a Barbara Elaine Williams, a/k/a Barbara Williams, Debtors.

Bankruptcy No. 82–00098.

United States Bankruptcy Court, W.D. Pennsylvania.

June 18, 1985.

Brenda K. McBride, Grove City, Pa., for debtors.

Peter M. Glaubach, Franklin, Pa., trustee, for trustee pro se.

P. Raymond Bartholomew, Sharon, Pa., for McDowell Nat. Bank.

## MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

This matter comes before us on the motion of the McDowell National Bank to compel payment by the trustee of the monies he received from the debtors in making the monthly payments required under its modified plan of debt adjustment of the sum of $240.00 in satisfaction of its encumbrance against the debtors' 1978 Ford Econoline Van, and the sum of $340.20 with respect to its encumbrance against their 1979 Ford Granada prior to the conversion of the case to a Chapter 7 liquidation bankruptcy proceeding.

The debtors made payments totaling $1,050.00 to the trustee, agreeably to the confirmed plan in the Chapter 13 proceeding which provides that the bank's secured claims should be first paid out of the debtors' payments before being applied to costs and other claims. There appears to be no question about the bank's rights to payment of the sum of $240.00 in satisfaction of its claim against the 1978 Ford van, but the payment of $340.20 on the 1979 Ford Granada was confused by its abandonment by the trustee under an order requested by the bank dated May 12, 1983 following which it repossessed said Granada which the testimony shows has a fair market value of $3,400.00 as against the secured claim of the bank granted in the original sum of $3,806.72, all of which except the sum of $340.20 it appears to have received.

A further question has been raised in regard to the exemption rights of the debtor in the sums they paid the trustee under the provisions of the plan.

It is ORDERED, ADJUDGED, and DECREED as follows:

 1. That the trustee shall pay the sum of $240.00 to the McDowell National Bank in satisfaction of its secured claim against the 1978 Ford Econoline Van in accordance with the provisions of the confirmed plan before the case was converted: *Resendez v. Lindquist*, 691 F.2d 397 (8th Cir.1982) holding that debtors can not claim exemptions in funds they paid under the provisions of a Chapter 13 debt adjustment proceeding before its conversion to a Chapter 7 liquidation.

 2. Action on the claim of the McDowell National Bank in the sum of $340.20 is deferred pending the filing of an amended claim showing the disposition it made of the repossessed Granada and comprising a basis for determination that it suffered a loss in the sum of $340.20. The bank cited the cases of *Woods Trust*, 350 Pa. 290, 38 A.2d 28 (1944), *Toll-Barkan Co. v. Toll*, 193 Pa.Super. 221, 164 A.2d 36 (1960), and *Dennis v. Badcock Corp.*, 31 B.R. 128, 8 C.B.C.2d 1264 (M.D.Ga.1983) for the proposition that Chapter 13 payments collected on an under-secured debt must be first credited to the unsecured portion of the debt, but we feel we should have further light on both the facts and the law on this matter in respect to the rights of the other unsecured creditors before directing payment to it of this amount.

Perhaps the matter can be fully resolved on the filing of the Chapter 7 Trustee's Final Account in the Chapter 7 proceeding which he is hereby directed to file as soon as possible after liquidating any remaining assets.