511 A.2d 219

In the ESTATE OF Eugene C. ROSSI, Late of Chapman Township, Clinton County, Pennsylvania, Deceased.

Appeal of Helen VUCCULO, Anna Orio, Mary Rossi and Carl Rossi.

Superior Court of Pennsylvania.

Argued May 22, 1986.

Filed June 23, 1986.

Charles R. Rosamilia, Jr., Lock Haven, for appellants. Marc S. Drier, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Eugene Rossi died October 15, 1984, survived by his wife, Gladys L. Wenrik Rossi.

The surviving spouse was granted Letters of Administration on October 26, 1984. Subsequently on December 20, 1984, a Petition to Determine Forfeiture was filed by two sisters of the decedent on behalf of themselves and their other sister and brother. A citation was issued on December 26, 1984 and served along with the petition on Gladys Rossi the next day. Gladys Rossi filed an Answer and New Matter along with a Motion to Dismiss Petition and Rescind Citation on January 28, 1985. The court then issued a Rule to Show Cause why the petition and citation should not be dismissed. At a hearing on February 5, 1985, the court extended the time during which Mrs. Rossi could file preliminary objections.

Preliminary objections in the nature of a demurrer were filed February 21, 1985 and following submission of briefs and oral argument the demurrer was granted and appellant's petition dismissed by Order of May 7, 1985.

The petitioners filed exceptions to this Order which were denied by an Order dated August 1, 1985 and the appeal presently before us was taken from the August 1, Order.

Because the notice of appeal was not taken from the Order of May 7, 1985, we must quash this appeal.

The Pennsylvania Supreme Court, in *U.S. National Bank in Johnstown v. Johnson*, 506 Pa. 622, 629, 487 A.2d 809, 813 (1985), noted it has long been the law that the sustain-

ing of a preliminary objection in the nature of a demurrer and dismissal of the complaint in an equity action, is a final appealable Order, citing *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 393 A.2d 450 (1978); *J.A. and W.A. Hess, Inc. v. Hazle Township*, 465 Pa. 465, 350 A.2d 858 (1976); *Hudock v. Donegal Mutual Insurance Company*, 438 Pa. 272, 264 A.2d 668 (1970); *Ahrens v. Goldstein*, 376 Pa. 114, 102 A.2d 164 (1954); *Smith v. Philadelphia v. Reading Railroad*, 286 Pa. 55, 132 A. 804 (1926); other citations omitted.

Although special rules govern actions in Orphans' Court, pleadings and practice conform to equity practice through Orphans' Court Rule 3.1 which provides:

### 3.1 Conformity To Equity Practice in General

Except where otherwise provided by a rule adopted by the Supreme Court, or by an Act of Assembly, or by general rule or special order of the local Orphans' Court, and except for the Notice to Defend required by Rule of Civil Procedure 1018.1, which form of notice shall be required only if directed by general rule or special order of the local Orphans' Court, the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas.

Amended Nov. 24, 1975, effective Jan. 1, 1976.

Preliminary objections are proper in an equity action and are specifically provided for in Pa.R.C.P. 1509[1] which incorporates the pleading practice set forth in Pa.R.C.P. 1017(b).[2]

---

**1.** Pa.R.C.P. 1509 provides:

**Rule 1509. Preliminary Objections**

(a) Preliminary objections authorized by Rule 1017(b) are available to any party.

(b) The objections of laches and failure to exercise or exhaust a statutory remedy may be raised by preliminary objection, answer or reply but are not waived if not pleaded.

(c) The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived.

Adopted Jan. 4, 1952, effective July 1, 1952.

**2.** Pa.R.C.P. 1017(b) provides in pertinent part:

Having established that the use of preliminary objections was proper, the rule established in *Johnson, supra,* leads us to the determination that the Order of May 7, 1985 was final and appealable as of right under Pa.R.A.P. 341(a).[3] This is reinforced by the fact that the Order terminated the litigation as far as appellants were concerned, putting them out of court. *See Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983); *Dash v. Wilap Corp.,* 343 Pa.Super. 584, 495 A.2d 950 (1985).

The filing of exceptions to the May 7, 1985 Order was improper. Under the equity rules, *post-trial relief* is sought by filing motions under Pa.R.C.P. 227.1.[4] These requirements are applicable when an adjudication under Pa.R.C.P. 1517(a)[5] is made by the court in the form of a

**Rule 1017. Pleadings Allowed**
(b) Preliminary objections are available to any party and are limited to

. . . . .

(4) a demurrer, which may not include the bar of a statute of limitations or frauds; and
*Note:* The amendments to subdivision (b)(4) and Rule 1030 discontinue the prior practice of raising the defense of the bar of a nonwaivable statute of frauds or statute of limitations by preliminary objections. Such defense can be asserted only in a responsive pleading as new matter.

3. Pa.R.A.P. 341 provides in pertinent part:
Final Orders
**Rule 341. Final Orders Generally**
**(a) General Rule.** Except as prescribed in Subdivisions (b) and (c) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

4. Pa.R.C.P. 227.1(c) provides in pertinent part:
**Rule 227.1. Post-Trial Relief**

. . . . .

(c) Post-trial motions shall be filed within ten days after

. . . . .

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

5. Pa.R.C.P. 1517(a) provides:
**Rule 1517. The Adjudication. Notice**
(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the

proposed final disposition of a complaint or Decree Nisi. The ruling on the preliminary objections was not an adjudication as contemplated by Rule 1517. It was pre-trial in nature and not the type to which the rules governing post-trial motions were meant to apply. "No where in our rules are exceptions permitted from the disposition of preliminary objections and such practice is expressly disapproved." *Johnson, supra,* 506 Pa. at 630, 487 A.2d at 813.

Once the preliminary objections were sustained and the complaint dismissed by the Order of May 7, 1985, appellants had thirty days under Pa.R.A.P. 903(a) to file a notice of appeal. The fact that the lower court ruled on the merits of the exceptions filed does not alter our determination, for untimely appeals present a question of jurisdiction and must be quashed. *Swidzinski v. Schultz,* 342 Pa.Super. 422, 493 A.2d 93 (1985); *Murphy v. Brong,* 321 Pa.Super. 340, 468 A.2d 509 (1983).

Appeal quashed.

facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.