# Bungar *v.* St. Michael's Greek Catholic Church.

*Judgment — Opening judgment — Lis pendens — Words and phrases—Church trustees—Judgment for repairs—Equity.*

1. Lis pendens is the control which a court has over the property involved in a suit during the continuance of the proceedings, and until its final judgment has been rendered therein.

2. The validity of a judgment note given by the trustee of a church to pay a debt contracted for necessary repairs to the church building, does not depend, under the doctrine of lis pendens, upon the outcome of an equity suit, where such suit had nothing to do with the church property, but was brought to restrain the trustees from employing any but a priest of a particular denomination, and to prevent the priest in office from holding religious services.

3. A judgment entered on such note will not be opened, although it was given to the president of the board of trustees for

money advanced by him for repairs, where it appears that in the equity suit a petition was filed which called in question the authority of the trustees to make the repairs, and that the court found against the petitioners, and from such findings no appeal was taken.

Argued October 20, 1921. Appeal, No. 35, Oct. T., 1921, by Alex Kosar et al., from order of C. P. Butler Co., Sept. T., 1920, No. 52, discharging rule to open judgment, in case of John Bungar v. Saint Michael's Greek Catholic Church. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to open judgment. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Alex Kosar et al., members of St. Michael's Greek Catholic Church, appealed.

*Error assigned* was order, quoting it.

*E. J. McKenna,* of *McKenna & McKenna,* with him *James M. Galbreath,* for appellant.—The doctrine of lis pendens applied in this case: Com. v. Dieffenbach, 3 Grant 368; Dovey's App., 97 Pa. 153.

A trustee cannot acquire rights antagonistic to his cestui que trust: Miller v. Ege, 8 Pa. 352.

*Levi M. Wise,* with him *Murrin & Murrin,* for appellee, cited: Green v. Rick, 121 Pa. 130.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

This is an appeal from the refusal of the court below to open a judgment.

John Bungar, plaintiff in the judgment, was president of the board of trustees of St. Michael's Greek Catholic Church; the note on which judgment was confessed, was signed, in the name of the church, by him as president of its board of trustees, and by the secretary and

treasurer thereof. An answer to the petition to open the judgment was filed, and a hearing held, at which no testimony was submitted, so far as this judgment is concerned; all that was produced related to another judgment, which had been confessed by the trustees, and with which we are not concerned.

There has been other litigation involving the affairs of this church, which was disposed of by us, in the case of Chrapko v. Kobasa, 271 Pa. 447. That was a bill in equity filed by certain members of the congregation. Appellants contend this bill in equity was a lis pendens, and the judgment note having been made subsequent to the filing of it, with knowledge of the purpose of its filing, the validity of the note was dependent on the outcome of that litigation. "Lis pendens, as usually understood, is the control which a court has over the property involved in a suit, during the continuance of the proceedings, and until its final judgment has been rendered therein": Bouvier's Law Dict., Rawle's Revision, vol. 2, p. 2032. "A lis pendens is the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein": 17 Ruling Case Law 1008.

On examination of the bill in equity we find its purpose was to restrain the trustees from employing any minister but a Greek Catholic priest, and to prevent the priest, who had been chosen by the trustees, from holding religious services; and, when we go to the opinion by our Brother WALLING, we ascertain that the litigation had nothing to do with the church property. The opinion recites that the bill was filed "against the trustees and Kobasa to secure his ejection and the admission of Hundiak, on the ground that it was a Catholic church," and goes on to say, "A final decree was entered, restraining Kobasa, in effect, from officiating in the church and directing the trustees to admit Hundiak for that purpose, but not taking the church property out of the custody of the trustees." Thus it will be seen, the proceed-

ing set up as a lis pendens, had nothing to do with the property of the church, or the rights and powers of the trustees, in connection with it, and appellants' position that the note is invalid because of a lis pendens falls.

In the answer to the petition to open the judgment, it was set up by appellee that the money which it represented, was borrowed from him for the church, and was used in the payment of indebtedness, contracted in making necessary repairs to it, which repairs had been decided upon previous to the institution of the equity proceedings, and were of substantial benefit to the church property; that the money was loaned to the church, in good faith, prior to the issuing of the preliminary injunction in the equity proceeding. There was no evidence submitted in denial of these averments, and, therefore nothing to move the court, sitting as a chancellor, along equitable lines.

Another matter brought to our attention, would seem to be decisive against appellants. In the equity case, a petition was presented for the attachment of the trustees, in which their authority to make repairs to the church was questioned. In that proceeding the court determined that the church building had been in bad repair, and the improvements made were for the substantial benefit of the property. In the light of this conclusion, from which appellants here did not appeal, and in view of the undisputed averment that the money loaned by plaintiff had gone to pay for these repairs, we fail to see how in good conscience and equity his judgment could be disturbed, even though he was president of the board of trustees which gave the judgment note.

The appeal is dismissed at the cost of appellants.