487 A.2d 809

UNITED STATES NATIONAL BANK IN
JOHNSTOWN, Appellant,

v.

Charles P. JOHNSON, Jr., Martha Jane Johnson, Pennsylvania
Energy Company, Linda Strich, CPJ, Inc., Haws Refractories,
Inc., Bantam Four Cinemas, Inc., Sheridan Trucking Compa-
ny, Sheridan Trucking Company, Inc., Charjim Corporation,
Pennsylvania Energy Corporation, G. Gray Garland, and
Sheridan Coal Company, Inc., Appellees.

Supreme Court of Pennsylvania.

Submitted Sept. 10, 1984.

Decided Feb. 13, 1985.

624

Gilbert E. Caroff, Johnstown, for appellant.

Gary L. Costlow, Johnstown, for Linda Strich and Char-jim Co.

James Gordon, Wymard & Dunn, Pittsburgh, for G. Gray Garland, Jr.

Lawrence Davis, Edensburg, for Charles Johnson, Jr., et al.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of the United States National Bank in Johnstown (Appellant) from the Superior Court's Order, 321 Pa.Super. 352, 468 A.2d 515, quashing Appellant's appeal of an order of the Cambria County Court of Common Pleas entered on May 5, 1982, by the Honorable Eugene A. Creany, sustaining G. Gray Garland's (Appellee) preliminary objections in the nature of a demurrer and dismissing him as a defendant.

On January 11, 1982, Appellant filed its Complaint in Equity against various corporations, partnerships, and indi-

viduals, alleging violations of the Uniform Fraudulent Conveyance Act.[1] Preliminary Objections in the nature of a demurrer to the Complaint were filed on February 2, 1982, by the Pennsylvania Energy Company, Pennsylvania Energy Corporation, and Appellee. Appellee argued that the complaint failed to allege any material facts sufficient to support a cause of action against him, and requested the trial court to dismiss him as a defendant.

The Chancellor sustained Appellee's Preliminary Objections by order of May 5, 1982, and dismissed Appellee as a party defendant to this action. For some unexplained reason, an unwarranted procedure was followed and exceptions to that Order were filed on May 12, 1982. Curiously, a court en banc permitted these exceptions to be argued and on August 2, 1982, by an unanimous Opinion and Order, the Chancellor's order dismissing Appellee as a party defendant was affirmed. Nothing happened further until Appellee reduced the court en banc's order to judgment in his favor on October 5, 1982 by filing a Praecipe with the Prothonotary of Cambria County.

On October 28, 1982, Appellant filed a notice of appeal from the judgment to Superior Court. This appeal was quashed as untimely. We granted allocatur because of the confusion regarding the appealability of equity orders generated by *Houston-Starr Co. v. Virginia Mansions*, 295 Pa.Superior Ct. 480, 441 A.2d 1334 (1982).

In *Houston-Starr Co.*, Superior Court quashed the appeal taken directly from a Chancellor's order striking a *lis pendens*. Superior Court characterized the Chancellor's action as an "adjudication" triggering the Pa.R.C.P. 1518 exceptions requirements[2], and held an appeal would not lie,

1. Act of May 21, 1921, P.L. 1045, 39 P.S. §§ 351, et seq.
2. Pa.R.C.P. 1518 (now rescinded) provided as follows:
 Within twenty (20) days after notice of the filing of the adjudication, exceptions may be filed by any party to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as

unless exceptions were filed and a final decree was entered on the order pursuant to Pa.R.C.P. 1519[3]. These rules were clearly intended to become operative *after* trial and by no stretch of the imagination were they to be applied to pre-trial orders. Appellant argues that *Houston-Starr* similarly requires exceptions to the sustaining of preliminary objections before they can be appealed. We disagree.

Superior Court correctly quashed the appeal in *Houston-Starr*, albeit for an incorrect reason. The order striking *lis pendens* is interlocutory, and therefore, the appeal should have been quashed. *R.M. Shoemaker Co. v. Blumenfeld*, 443 Pa. 566, 278 A.2d 488 (1971).

 A *lis pendens* is the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, *and until its final judgment thereon. Bungar v. St. Michael's Greek Catholic Church*, 272 Pa. 402, 116 A. 389 (1922). The existence of a *lis pendens* merely notifies third parties that any interest that may be acquired in the *res* pending the litigation will be subject to the result of the action and is not therefore an actual lien on the property. *Dice v. Bender*, 383 Pa. 94, 117 A.2d 725 (1955). An order lifting a *lis pendens* during the course of an equity action fixes neither rights, duties, nor liabilities between the *parties*, puts no one out of court, and does not terminate the underlying litigation by prohibiting parties from proceeding with the action. Accordingly, the requisite "finality" is not present

requested. Each exception shall set forth a separate objection precisely and with discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters.

3. Pa.R.C.P. 1519 provided in pertinent part:
(a) If no exceptions are filed within a twenty (20) day period, the decree nisi shall be entered by the prothonotary on praecipe as the final decree...
(c) The prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or to his attorney of record of the entry of the final decree or of any other order of the court.

when a *lis pendens* is lifted and the order, therefore, is interlocutory.

■■■ Superior Court's acceptance in *Houston-Starr* of the opinion accompanying the order striking *lis pendens* as an "adjudication" for purposes of Pa.C.P.R. 1517[4] was unfounded. The adjudication referred to in Rule 1517 is the chancellor's proposed final disposition of a complaint *after* trial which reaches the very merits of the action; not interlocutory orders nondispositive of the case sub judice. From the filing of such an adjudication and decree nisi, which is final to all parties and to the whole of the subject matter, a party could, of course, take exceptions to a chancellor's order striking *lis pendens* or any other interlocutory ruling. *Houston-Starr* can permit no more. Appellant's arguments to the contrary are meritless and dismissed.

■■ Appellant also argues that the May 5, 1982, and August 2, 1982, orders cannot be the basis of an appeal, but become appealable only when they have been reduced to judgement. Since Appellant appealed to Superior Court within thirty (30) days of the entry of judgment, Appellant argues that its appeal was timely. We reject this argument.

The May 5, 1982 order sustained the preliminary objections in the nature of a demurrer of Appellee, and dismissed Appellee as a defendant to Appellant's action. This order terminated the litigation as far as Appellant was concerned

4. Pa.R.C.P. 1517 provides:
 (a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law; and (4) a decree nisi.
 (b) The adjudication may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing.

by prohibiting it from proceeding with the action against Appellee, and was therefore a final appealable order. While the Chancellor did not dismiss the complaint, its dismissal of Appellee as a defendant had the same effect. We can find no authority or rule of procedure which requires or permits such an order to be reduced to judgment.

We have long held that the sustaining of preliminary objections in the nature of a demurrer and dismissal of the equity complaint is a final appealable order. *Otto v. American Mutual Insurance Company*, 482 Pa. 202, 393 A.2d 450 (1978); *J.A. and W.A. Hess, Inc. v. Hazle Township*, 465 Pa. 465, 350 A.2d 858 (1976); *Hudock v. Donegal Mutual Insurance Company*, 438 Pa. 272, 264 A.2d 668 (1970); *Unger v. Hampton Township*, 437 Pa. 399, 263 A.2d 385 (1970); *Local No. 163 International Union, etc. v. Watkins*, 417 Pa. 120, 207 A.2d 776 (1965); *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954); *Ahrens v. Goldstein*, 376 Pa. 114, 102 A.2d 164 (1954); *Smith v. Philadelphia v. Reading Railroad*, 286 Pa. 55, 132 A. 804 (1926); *Armstrong, et al. v. Espy, et al.*, 220 Pa. 48, 69 A. 69 (1908).

Moreover, the dismissal of a complaint as to one defendant upon its preliminary objections is a final appealable order, *Alessandro v. State Farm Mutual Automobile Ins. Co.*, 487 Pa. 274, 409 A.2d 347 (1979), *J.A. & W.A. Hess Inc. v. Hazle Township*, 465 Pa. 465, 350 A.2d 858 (1976); *Love Administrators v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1966), which becomes res judicata if not appealed within the prescribed appeal period.[5] *In Re: Estate of Litostansky*, 499 Pa. 321, 453 A.2d 329 (1982); *Estate of Gasbarini v. Medical Center*, 487 Pa. 266, 409 A.2d 343 (1979); *Love*, id.

5. Pa.R.A.P. 903(a) provides:
 (a) General rule. Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days *after the entry of the order* from which the appeal is taken. (Emphasis added).

Accordingly, the May 5, 1982 order was final and appealable, becoming res judicata upon the expiration of the thirty (30) day appeal period. Rather than pursue appellate review, Appellant took the novel approach of filing exceptions to the May 5, 1982 order which more surprisingly were considered and disposed of by a court en banc. It would appear that Superior Court in its *Houston-Starr* opinion confused and misled them. Nowhere in our Rules are exceptions permitted from the disposition of preliminary objections and such practice is expressly disapproved.

Preliminary objections are permitted in equity actions by Pa.R.C.P. 1509 which incorporates the entire preliminary objection practice of actions in assumpsit. Orders sustaining preliminary objections, which are final, may be appealed as of right pursuant to Pa.R.A.P. 341(a), without resort to filing exceptions or reducing any order to judgment. "Our rules and case law require litigants to file exceptions to *nisi* determinations of trial courts ..." (Emphasis added) *Commonwealth, ex rel. Waltman v. Graczyk*, 501 Pa. 244, 460 A.2d 1098 (1983).

While we find little excuse for Appellant's strategy in taking exceptions to preliminary objections, we are more concerned that the court en banc even considered the exceptions. Whether such exceptions are permitted by local rule or custom does not appear in the record, but in any event the practice is directed to end. It can be argued that the court en banc's acceptance and disposition of these exceptions may have misled Appellant into believing it was proceeding properly and that fairness would require us to forgive Appellant for not appealing directly from the May 5, 1982 order and to consider the court en banc's August 2, 1982, disposition as triggering the appeal period. However, even if we were to do so, it becomes painfully obvious that Appellant did not appeal the August 2, 1982 en banc order within 30 days but waited until *Appellee* reduced the en banc order to judgment. The dismissal of the exceptions, it is argued, was not a final appealable order, but had to be reduced to judgment to make it appealable. This is plainly

incorrect. Where exceptions are *properly* before a court en banc, and are dismissed, the filing of the final decree determines the start of the appeal period, not the date the judgment is entered. *Stotsenburg v. Frost*, 465 Pa. 187, 348 A.2d 418 (1975). *See*, 42 Pa.C.S.A. §§ 5571, and 5572 for current rules governing timely filing of appeals. Also, see Pa.R.A.P. § 903, supra.

■ Appellant's failure to appeal within 30 days of the entry of the Court en banc's dismissal of its exceptions forecloses our giving consideration to Appellant's arguments even on equitable grounds.

In short, the court en banc's disposition of the exceptions was a nullity. Resorting to such unauthorized redress under these facts permitted the appeal time to expire on the May 5, 1982 order to Appellant's detriment. Superior Court was justified in quashing the appeal, especially since Appellant permitted the thirty day appeal period beyond the August 2, 1982 order to lapse.

Affirmed.

NIX, C.J., and LARSEN and ZAPPALA, JJ., concurred in the result.