527 A.2d 1050

**Michael FLITTER & Joanna, h/w, Appellants,**

**v.**

**Christopher CHANDOR & Whitney, h/w.**

Superior Court of Pennsylvania.

Argued April 23, 1987.

Filed June 30, 1987.

Julia B. Passyn, Philadelphia, for appellants.

Lisa M. Barkee, Doylestown and Edward C. Connolly, Warminster, for appellees.

Before POPOVICH, JOHNSON and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order striking a lis pendens and enjoining appellants from filing any future lis pendens without order of court in an equity suit affecting title to real estate. The sole issue is whether the court erred in granting the injunction. We hold that the injunction was properly entered, and affirm.

Appellees are owners of a tract of rural real estate in Bucks County originally consisting of more than one hundred acres. They intended to establish their permanent residence on the property and to sell peripheral parcels of

the property to parties who would be compatible neighbors. They advertised a twenty acre plot for sale, and entered negotiations with parties who responded to the advertisement. Their procedure was to provide an unsigned agreement of sale to each prospective purchaser which could be used by the potential buyer to make an offer.

Appellants were among those interested in buying the land. In April, 1986, appellants met with Mr. Chandor, appellee, and offered to purchase the property, tendering an agreement of sale signed by both appellants together with a deposit. The offer was not accepted at that time, due in part to the absence of Mrs. Chandor. Negotiations between appellants and appellees continued during April, but the proposed agreement of sale was never signed by appellees. Appellees continued to negotiate with other parties interested in buying the land.

■ Appellees subsequently informed appellants that they would not convey the land to appellants. In May, 1986, appellants filed a lis pendens and a complaint in equity alleging breach of a contract to convey real estate and seeking specific performance. Appellees moved to strike the lis pendens and to enjoin further use of a lis pendens in this proceeding. On June 3, 1986, the court entered an interlocutory order granting the relief requested by appellees.

The order in question accomplished two things: it struck the lis pendens, and it granted an injunction. The first is not appealable; the second is.

In *United States National Bank in Johnstown v. Johnson*, 506 Pa. 622, 627–28, 487 A.2d 809, 812 (1985) (italics deleted), the supreme court stated:

An order lifting the lis pendens during the course of an equity action fixes neither rights, duties, nor liabilities between the parties, puts no one out of court, and does not terminate the underlying litigation by prohibiting parties from proceeding with the action. Accordingly, the requisite "finality" is not present when a lis pendens is lifted and the order, therefore, is interlocutory.

Pa.R.A.P. 311(a)(4), on the other hand, provides that "an appeal may be taken as of right from ... [a]n order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

As *Johnson, supra,* held that an order lifting a lis pendens is nonappealable, we can review only the portion of the order which enjoined further use of a lis pendens in the proceeding without order of court.

■ The substance of appellant's argument on this issue is that the injunction hearing was an inappropriate forum to determine the propriety of a lis pendens, because it required the determination of ultimate issues at a premature state of the proceedings. The injunction hearing was held only seven days after the complaint was filed and prior to any responsive pleading. The court nevertheless held a lengthy hearing and took substantial testimony going to the merits of the case, and issued the order in question following the hearing. The order stated in part that

> the Court finds that the above-captioned action is not one in which title to Defendant's property is subject to determination by this Court. Equitable relief is not available to plaintiffs under the evidence presented to the Court. Specific performance is not even colorably available to plaintiffs on the current state of the record (although money damages may be at issue).

Order, 5/30/86. Appellant asserts that such conclusions were unwarranted and inappropriate at such an incipient stage of the proceedings.

In order to evaluate appellant's argument, it is helpful to consider the following review of the doctrine of lis pendens.

The first point in controversy centers around the effect of the doctrine of Lis pendens on judicial powers. Lis pendens literally means a pending suit: Black's Law Dictionary (4th ed. 1951), and *Rose Valley Borough v. Rose Valley Acres,* 31 Pa.D. & C. 261 (1937). The use of the doctrine was applied in Pennsylvania as early as 1831, when it was held in *Lodge v. Simonton,* 2 P. & W. 439 (Pa.1831), that the rights of a party in real estate cannot

be defeated by a conveyance thereof to a third party pending the adjudication of litigation, which has been properly filed and indexed, involving those rights.

Lis pendens is construed to be "... 'the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein.' ": *Bungar v. St. Michael's Greek Catholic Ch.*, 272 Pa. 402, 404, 116 A. 389 (1922). The initial basis of the application of the doctrine was one of constructive notice to all the world of the pending litigation: *Diamond v. Lawrence County*, 37 Pa. 353 (1861). In later years, the courts determined that the doctrine was one of policy only, i.e., it would be unfair and an insult to the courts to permit the severance of rights in a property which they were then in the process of deciding: *Dovey's Appeal*, 97 Pa. 153 (1881). Having determined that the doctrine was founded on a policy, rather than conceptual basis, the next logical step was to decree the use of equitable principles in the application of the rule.[3] This point was reached in *Dice v. Bender*, 383 Pa. 94, 117 A.2d 725 (1955), wherein we held that the doctrine does not establish an actual lien on the affected property, but rather merely gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action. Further, in *Dice*, we laid to rest the argument that lis pendens is a statutory right and that the court lacks power to rescind its operation. Therein, we decided that the court may cancel lis pendens if the equities indicate such action.

---

[3] While it has not been stated in so many words, it is apparent from a reading of the Pennsylvania cases that the doctrine is strictly construed, and will not be extended without grave necessity.

*McCahill v. Roberts*, 421 Pa. 233, 237–38, 219 A.2d 306, 308–09 (1966). The doctrine may be invoked by praecipe to the prothonotary, as was done in this case.

Within this context, we are asked to review the injunction granted by the trial court. The order concluded: "Therefore, it is hereby ordered that *plaintiffs be hereby enjoined*

*and restrained from filing any future lis pendens in this case without order of the Court* and the lis pendens indexed on May 8, 1986 is stricken and cancelled from the record." Order, 5/30/86 (emphasis added). Inasmuch as *Johnson, supra,* prohibits us from reviewing the interlocutory portion of the order which struck the lis pendens, we find no error in the emphasized portion of the order which granted an injunction. Indeed, the injunctive language in the order appears to be mere surplusage, as the order would have had precisely the same effect if the emphasized words had been omitted.

Although lis pendens may be invoked by praecipe, it is clear that a party would not be free to file a second praecipe for lis pendens without order of court after the first was stricken by court order, whether or not the order included an explicit prohibition. With or without the injunction, appellants would have been free to seek reconsideration and reinstatement of the lis pendens at any stage of the litigation in the trial court if the equities so indicated. We therefore affirm the order of May 30, 1986.