J-A09029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMPASS NORTH DEVELOPMENT, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL F. DAULERIO AND GLENDA DAULERIO | |
| APPEAL OF: RON DILEO | |
| Appellant | No. 2542 EDA 2013 |

Appeal from the Order Entered August 6, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 08-21719

BEFORE: BOWES, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.: **FILED OCTOBER 21, 2014**

Ron Dileo appeals from the order entered August 6, 2013, which denied his motion for post-trial relief. This matter originated from an ejectment action, in which plaintiff, Compass North Development, LLC ("Compass North"), was awarded a judgment, obtained pursuant to a writ of execution levied upon personal property located in a warehouse owned by defendants, Michael F. Daulerio and Glenda Daulerio (collectively, "the Daulerios"), as a result of the Daulerios' failure to pay rent. As an offshoot of this litigation, Dileo filed a property claim for a motor vehicle that was stored in the warehouse and that he alleged he owned but it was not titled in his name. The trial court ultimately rejected Dileo's claim and found the car

belonged to the Daulerios and therefore, could be disposed of in a Sheriff's sale. On appeal, Dileo argues that the court erred in denying his post-trial motion by awarding ownership of the car to Compass North. After careful review, we quash this appeal as untimely.

We summarize the protracted facts and procedural history of this case as follows. On June 24, 2011, following a bench trial of an ejectment action, Compass North was awarded possession of the real estate at 132-136 Poplar Street, Ambler, PA.[1] Compass North was also awarded $200,000, which was owed by the Daulerios for delinquent rent. A writ of execution was issued on October 18, 2011, to satisfy the above judgment against the Daulerios, under which the Sheriff levied the Daulerios' property stored in the warehouse, including a 1962 Chevrolet Corvette. Compass North then sought to enforce the judgment pursuant to a writ of execution.

On January 30, 2012, Dileo, asserting that he was the owner of the Corvette, filed a property claim for the car pursuant a sheriff's interpleader action.[2] A hearing on the Sheriff's determination of the property was held

_____

[1] Located on the property was a warehouse that the Daulerios leased from Compass North.

[2] "Sheriff's interpleader is a procedure available [under Pennsylvania Rules of Civil Procedure 3201-3216] when tangible personal property that is levied on pursuant to a writ of execution is claimed to be the property of a person other than the defendant in the execution." **Thomas v. Trento**, 744 A.2d 774, 776 (Pa. Super. 1999) (citation omitted). The procedure for filing a property claim under a sheriff's interpleader action is follows: "A claim to
*(Footnote Continued Next Page)*

- 2 -

on February 14, 2012, where it was decided that that car at issue was not Dileo's property. Consequently, on February 16, 2012, the Sheriff rejected Dileo's claim in a Sheriff's Determination. On February 24, 2012, Dileo filed objections to the Sheriff's Determination.

On February 28, 2012, the title of the car was transferred to Valley Forge National Remarketing Car Corporation ("Valley Forge National"), owned and operated by Frank Basilavecchio, who is another property claimant in this sheriff's interpleader action. On March 31, 2012, Valley Forge National transferred title of the car to Dileo.[3]

On May 31, 2012, the court held a hearing on Dileo's objection to Sheriff's Determination. Following the hearing, on August 27, 2012, the trial court entered an order denying Dileo's objections to the Sheriff's Determination.

_(Footnote Continued)_ ───────────────

tangible personal property levied upon pursuant to a writ of execution shall be in writing and substantially in the form provided by Rule 3258 and shall be filed with the sheriff prior to any execution sale of the property claimed." Pa.R.C.P. 3202(a).

[3] Dileo alleges that he purchased the Corvette in 2003 and asked Michael Daulerio if he could store the car at the Daulerios' warehouse. He states he never transferred title from the original owner to himself because he was going to restore the car but he misplaced the title to the car. Years later, Basilavecchio came to him about a potential buyer for the car. At that time, he realized he could not find the title. Basilavecchio informed Dileo that he could get a duplicate title. Dileo states that in 2012, title was transferred by Basilavecchio to Valley Forge National. Dileo believed he paid sales tax on the $30,000.00 he paid for the vehicle, but presented no proof at the hearing. Basilavecchio, _via_ Valley Forge National, then transferred title to Dileo. **_See generally_** N.T., 5/31/2012, at 125-147.

On September 10, 2012, Dileo filed a motion for reconsideration and/or to enter judgment pursuant to Pa.R.C.P. 3213.[4] On October 2, 2012, the trial court entered an order denying the motion for reconsideration. That same day, Compass North purchased the car at the Sheriff's Sale.

On October 12, 2012, Dileo then filed a motion for post-trial relief regarding the Sheriff's Determination pursuant to Pa.R.C.P. 227.1, claiming the decision was against the weight of the evidence.[5,6] Compass North filed an opposition to Dileo's motion for post-trial relief on November 27, 2012, arguing that the motion was untimely pursuant to Rule 227.1. On December

_____

[4] Rule 3213 sets forth the requirements of an interpleader proceedings judgment.

[5] Rule 227.1 provides:

> (a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may
>
> (1) order a new trial as to all or any of the issues; or
>
> (2) direct the entry of judgment in favor of any party; or
>
> (3) remove a nonsuit; or
>
> (4) affirm, modify or change the decision; or
>
> (5) enter any other appropriate order.

Pa.R.C.P. 227.1.

[6] On that same day, Basilavecchio also filed a motion for post-trial relief.

19, 2012, the trial court entered an order denying Dileo's motion for post-trial relief.[7]

Thereafter, on March 20, 2013, Compass North filed a petition for proof of ownership with respect to the Corvette in order to procure title from the Commonwealth of Pennsylvania, Department of Transportation ("PennDOT"). On April 9, 2013, Dileo filed an answer to Compass North's petition. A hearing was held with regard to the matter on May 2, 2013. On May 13, 2013, the trial court awarded ownership of the Corvette to Compass North, stating "the right, title and interest of any other person to said vehicle is hereby extinguished. The Department of Transportation may accept this order as evidence of ownership in lieu of a certificate of title." Order, 5/13/2013. On May 20, 2013, Dileo filed another motion for post-trial relief pursuant to Rule 227.1, again claiming the decision was against the weight of the evidence. On August 6, 2013, the trial court denied Dileo's motion for post-trial relief. This appeal followed on August 29, 2013.

In his sole issue, Dileo claims the court erred in denying his post-trial motion by awarding ownership of the car to Compass North, thereby extinguishing all right title and interest of any other person, because title to the vehicle at issue was not in the Daulerios' name and there was no other evidence indicating ownership in their name. Dileo's Brief at 9. Dileo states

_____

[7] The court also denied Basilavecchio's motion for post-trial relief.

the court is mistaken: (1) in finding that its August 5, 2013, order, which denied his post-trial motion to its May 13, 2013, proof of ownership order, was merely a "ministerial" act and, therefore, not appealable; and (2) in finding that its August 27, 2012, order, which denied Dileo's objections to the Sheriff's Determination, was a final order. *Id.* at 11. Dileo argues that pursuant to Pa.R.C.P. 3213, the court was required to determine title to the property, provide for the disposition of proceeds of any sale, and fix whatever liability there may be. Dileo contends the court did not provide such a determination when it overruled his objection and therefore, the August 27, 2012, order was not dispositive of all the issues as is evident by Compass North's subsequent filing of the petition for proof of ownership. He further asserts that the court made a final ruling when it awarded ownership to Compass North on May 13, 2013.

Here, the trial court found the following:

[Dileo] was procedurally incorrect to have filed post-trial motions from this Court's Order, dated May 13, 2013. The clarifying Note to Pa.R.Civ.P. 227.1(c), dated in 1990, provides in part:

*A motion for post-trial relief may not be filed* to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or *other proceedings which do not constitute a trial*. *See U.S. National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985).

. . . .

*A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice*.

- 6 -

> Pa. R.C.P. No. 227.1 (emphasis added).
>
> In order to effect a proper appeal, Dileo was required to file a Notice of Appeal within thirty days from May 13, 2013, which he failed to do. *See* Pa.R.A.P., Rule 903. Accordingly, [Dileo]'s appeal is untimely and should be quashed.
>
> Furthermore, this Court's Order upholding the Sheriff's Determination became final when no timely appeal was filed. [Compass North]'s Petition for Proof of Ownership was simply a ministerial motion to liquidate property purchased at a valid Sheriff's Sale. [Dileo] simply has no legal basis to relitigate the same issues previously determined by the Court in the trial on the Objections to the Sheriff's Determination. Dileo's appeal lacks merit.

Trial Court Opinion, 10/3/2013, at 2-3 (italics in original). We agree with the trial court's determination that this appeal is untimely and should be quashed but we do so on other grounds.[8]

Because the timeliness of an appeal implicates our jurisdiction, we may not address the merits of the underlying issue raised by an appellant before determining whether the appeal was timely filed. ***Krankowski v. O'Neil***, 928 A.2d 284, 285 (Pa. Super. 2007). Pertinent to this issue, Pennsylvania Rule of Appellate Procedure 903(a) provides: "Except as otherwise prescribed by this rule, the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This Court may quash if the appeal is untimely filed

---

[8] We "may affirm the trial court's order on any valid basis." ***Plasticert, Inc. v. Westfield Ins. Co.***, 923 A.2d 489, 492 (Pa. Super. 2007).

beyond the 30-day time limitation proscribed by Pa.R.A.P. 903(a). *See Costlow v. Costlow*, 914 A.2d 440, 442 (Pa. Super. 2006) (quashing appeal filed beyond thirty-day time limitation).[9]

First, we must determine whether Dileo has timely filed an appeal from a final order such that this Court has jurisdiction. A review of the record reveals Dileo filed a property claim for the Corvette and its parts under a sheriff's interpleader action. Pursuant to Rule 3213, in relevant part, "[t]he judgment in the interpleader proceedings shall (1) **determine the title to the claimed property** as among the parties to the interpleader[.]" Pa.R.C.P. 3213 (emphasis added). Here, the Sheriff rejected Dileo's claim, in part, in its Determination, stating he was entitled to **only** "the interior part for the 1962 Corvette in boxes labeled Al Knox, the full injection system for the 1962 Corvette (not attached to vehicle), and 4 200 series ZR 18 [inch] tires." Sheriff's Determination, 2/16/2012. Dileo then filed an "objection to the Sheriff's **determination of ownership** of the property claimed by [him.]" Ron Dileo's Objection to Sheriff's Determination, 2/24/2012 (emphasis added). Thereafter, a bench trial with a full evidentiary hearing was conducted on May 31, 2012, pursuant to Pa.R.C.P.

---

[9] We note Compass North did not file a motion to quash but did address the issue of quashal in its appellee brief. Nevertheless, "[w]e may raise the issue of appealability *sua sponte* because it affects our jurisdiction over the case." *In re Estate of Cherwinski*, 856 A.2d 165, 166 (Pa. Super. 2004) (citation omitted).

3216 ("The trial of an interpleader by a judge sitting without a jury shall be in accordance with Rule 1038."). Pennsylvania Rule of Civil Procedure 1038 provides, in pertinent part, that "[t]he decision of the trial judge may consist only of general findings as to all parties but shall dispose of all claims for relief." Pa.R.C.P. 1038.[10] Consequently, when the trial court entered its order on August 27, 2012, denying Dileo's objections to the Sheriff's Determination, the order constituted a final order as it denied Dileo's claim of ownership to the Corvette, and disposed of all the claims and parties in this matter for purposes of appeal. *See* Pa.R.C.P. 3213.[11]

Nevertheless, a party seeking relief, following a non-jury trial, must file a post-trial motion within ten days pursuant to Pennsylvania Rule of Civil Procedure 227.1 to preserve any issues for appeal. *See* Pa.R.C.P. 1038, Note ("For post-trial relief following a trial without jury, see Rule 227.1."). Here, Dileo filed a **motion for reconsideration** on September 10, 2012, and subsequently filed a **motion for post-trial relief** pursuant to Pa.R.C.P. 227.1 on October 12, 2012. Neither motion was filed within ten days of the August 27, 2012, order. The court denied Dileo's motion for post-trial relief on December 19, 2012. Therefore, Dileo did not file the instant notice of

---

[10] We note that Dileo does not take issue with how the bench trial was conducted.

[11] *See also* Pa.R.A.P. 341(a) (defines a final order as one which "disposes of all claims and of all parties…").

appeal until August 29, 2013, well past the 30-day time period. **See** Pa.R.A.P. 903(a).[12] Accordingly, because Dileo's appeal is untimely, we are compelled quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014

---

[12] Although Dileo purports to appeal from the court's August 6, 2013, order, which denied him post-trial relief from its May 13, 2013 order, we agree with the trial court that its disposition was merely ministerial and Dileo was not permitted to appeal from that order pursuant to Rule 227.1. **See** Trial Court Opinion, 10/3/2013, at 3.