**Rule 227.1.  Post-Trial Relief**

(a)	After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may

      (1)	order a new trial as to all or any of the issues; or

      (2)	direct the entry of judgment in favor of any party; or

      (3)	remove a nonsuit; or

      (4)	affirm, modify or change the decision; or

      (5)	enter any other appropriate order.

Note:  The motion for post-trial relief replaces the following motions and exceptions: motion for new trial, motion for judgment notwithstanding the verdict, motion upon the whole record after disagreement of a jury, motion in arrest of judgment, motion to remove a nonsuit and exceptions following the decision of the judge in a trial without jury.

The following rules provide for the filing of exceptions, e.g., **[Equity Rule 1530 (exceptions to an auditor's report),]** Equity Rule 1534 (exceptions to a fiduciary's account), Partition Rule 1569 (exceptions to a master's report) and Divorce Rule 1920.55-2 (exceptions to a master's report), Support Rule 1910.12(e) (exceptions to a hearing officer's report) and Execution Rule 3136(d) (exceptions to sheriff's schedule of proposed distribution).

(b)	Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

      (1)	if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

Note: If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.

Pa.R.E. 103(a) provides that the specific ground for an overruled objection, or the substance of excluded evidence, need not be stated at or prior to trial, or without having made an offer of proof, if the ground of the objection, or the substance of the evidence sought to be introduced, was apparent from the context.

(2)     are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

(c)     Post-trial motions shall be filed within ten days after

(1)     verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2)     notice of nonsuit or the filing of the decision in the case of a trial without jury.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

> Note:  A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial. *See U. S. National Bank in Johnstown v. Johnson*, **[506 Pa. 622,]** 487 A.2d 809 (**Pa.** 1985).

> A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.

> The filing of a motion for post-trial relief is prohibited by the following rules: Rule 1557 (order directing partition)**[, Rules 1910.11(k) and 1910.12(g) (orders of support), Rule 1915.10(b) (order of custody, partial custody or visitation), and Rule 1920.55(c) (final decree of divorce based upon a master's report)]** <u>and Rule 1930.2 (no post-trial practice in domestic relations matters)</u>.

(d)     A motion for post-trial relief shall specify the relief requested and may request relief in the alternative. Separate reasons shall be set forth for each type of relief sought.

(e)     If a new trial and the entry of judgment are sought in the alternative, the court shall dispose of both requests. If the court directs the entry of judgment, it shall also rule on the request for a new trial by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the request for a new trial.

(f)     The party filing a post-trial motion shall serve a copy promptly upon every other party to the action and deliver a copy to the trial judge.

(g)     A motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas.

> Note:  See 2 Pa.C.S. §  101 for the definition of "local agency."
>
> See section 933(a)(1) of the Judicial Code, 42 Pa.C.S. § 933(a)(1), which provides for jurisdiction of appeals from determinations of particular Commonwealth agencies to be in the courts of common pleas.

(h)     A motion for post-trial relief shall be filed following a trial upon an appeal from the decision of viewers pursuant to the Eminent Domain Code.

> Note:  Subdivision (h) eliminates any distinction with respect to the filing of a motion for post-trial relief between jury and non-jury trials following an appeal from the decision of viewers in eminent domain proceedings.

3

**(i)** When an appellate court has remanded a case for further proceedings, a motion for post-trial relief relating to subsequent rulings in the trial court shall not be required unless

**(1)** the appellate court has specified that the remand is for a complete or partial new trial, or

**(2)** the trial court indicates in its order resolving the remand issues that a motion for post-trial relief is required pursuant to this rule.