J-S77028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICK DOYLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ESTATE OF WANDA A. MARVIN, | : | No. 946 MDA 2017 |
| DECEASED | : | |
| | : | |
| Appellee | : | |

Appeal from the Order Entered June 9, 2017
In the Court of Common Pleas of Tioga County Civil Division at No(s):
0100-CV-2017

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JANUARY 26, 2018**

Patrick Doyle appeals from the order, entered in the Court of Common Pleas of Tioga County, granting the motion of the Estate of Wanda Marvin, Deceased, to strike a *lis pendens*.  Upon careful review, we quash.

Foster Marvin, in his capacity as executor of the will of Wanda A. Marvin, Deceased, sought to dispose of the decedent's residence ("Property") as well as certain personalty contained therein.  He listed the Property for sale and subsequently received a proposed contract from a realtor acting on behalf of Doyle.  The contract consisted of an agreement of sale for the Property and an addendum for the personal property, both signed by Doyle.  The consideration offered by Doyle consisted of $113,000 for the Property and nothing attributable to the personalty.  Marvin, through his realtor, submitted

_____

* Former Justice specially assigned to the Superior Court.

a counteroffer requesting $113,000 for the Property and $3,500 for the personalty. Doyle countered with an offer of $113,000 and $2,200 for the Property and personalty, respectively, which Marvin rejected. Ultimately, Marvin obtained a buyer willing to purchase the Property and personalty for his desired price and entered into a sales contract with that individual.

Upon learning of Marvin's agreement to sell the Property to a third party, Doyle filed a *lis pendens* against the Property. Doyle did not, however, file an action for specific performance, or any other form of relief. On February 23, 2017, Marvin filed a motion to strike the praecipe for *lis pendens*. After a hearing, the court granted Marvin's motion, finding that the parties had not entered into an enforceable contract, because the sales agreement and addendum were a non-severable contract that was never fully agreed upon or executed by the parties. Doyle filed a motion for post-trial relief, which the court denied. This timely appeal follows.

Prior to reaching the merits of Doyle's appeal, we must determine whether this appeal is properly before us. We conclude that it is not.

> A *lis pendens* is the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment thereon. ***Bungar v. St. Michael's Greek Catholic Church***, [] 116 A. 389 ([Pa.] 1922). The existence of a *lis pendens* merely notifies third parties that any interest that may be acquired in the *res* pending the litigation will be subject to the result of the action and is not therefore an actual lien on the property. ***Dice v. Bender***, [] 117 A.2d 725 ([Pa.] 1955). An order lifting a *lis pendens* during the course of an equity action fixes neither rights, duties, nor liabilities between the parties, puts no one out of court, and does not terminate the underlying litigation by prohibiting parties from proceeding with

the action. Accordingly, the requisite "finality" is not present when a *lis pendens* is lifted and the order, therefore, is interlocutory.

**U.S. Nat. Bank in Johnstown v. Johnson**, 487 A.2d 809, 812 (Pa. 1985).

Because the trial court's order striking Doyle's *lis pendens* was interlocutory, we lack jurisdiction to consider Doyle's appeal.[1]

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/26/2018</u>

---

[1] We note that, because there was no underlying action, either at law or in equity, pending before any court with regard to the Property, Doyle was not entitled to a *lis pendens* in the first instance and, on that basis alone, the court properly granted Marvin's motion to strike. ***See Psaki v. Ferrari***, 546 A.2d 1127, 1128 (Pa. Super. 1988) (purpose of *lis pendens* merely to give notice to third persons that real estate subject to litigation and that any interest acquired therein will be subject to result of action).