J. A12033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MIXX LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT H. WOMELSDORF; | : | |
| CLARA J. WOMELSDORF; | : | |
| AND ALL UNKNOWN HEIRS | : | |
| 2055 AMBER STREET | : | No. 3284 EDA 2017 |
| PHILADELPHIA, PA 19125 | : | |
| OPA/BRT: 311132500 | : | |

Appeal from the Order Entered August 25, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 1025 January Term, 2017

BEFORE: BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 24, 2018**

In the Mixx LLC appeals the August 25, 2017 order of the Court of Common Pleas of Philadelphia County that denied appellant's petition for the appointment of a conservator and vacated the **lis pendens** placed on the property located at 620 S. 52nd Street, Philadelphia, Pennsylvania, pursuant to the Abandoned and Blighted Property Conservatorship Act ("Act"), 68 P.S. §§ 1101-1111. After careful review, we affirm.

The trial court summarized the factual and procedural history as follows:

> Before this Court is a Petition for Appointment of a Conservator ("Petition") filed by [appellant] under the [Act]. [Appellant] owns property at 2088 East Cumberland Street in Philadelphia. [Appellant] seeks

the appointment of a conservator in relation to a property located at 2055 Amber Street in Philadelphia ("Property"). The named Respondents are "Albert H. Womelsdorf, Clara J. Womelsdorf, and all unknown heirs." Thomas Wickham, Jr. . . . has responded to the Petition contending that he acquired his ownership interest less than six months before the Petition was filed.

A hearing was scheduled to determine whether the conditions for conservatorship have been met, whether a conservator should be appointed, who should be appointed as conservator and/or whether other appropriate relief should be granted.

The parties stipulated to certain facts. As to Property title, the Property was purchased by Albert and Clara Womelsdorf in 1950. Albert Womelsdorf died in 1961 and Clara Womelsdorf died in 1981. Thomas Wickham, Sr. (Wickham, Sr.), father of [Thomas Wickham, Jr.] and grandchild of Albert and Clara Womelsdorf, resided in the Property from 1944 until his own passing on September 3, 2016. Since the death of Clara Womelsdorf in 1981, Wickham, Sr., paid all utility and tax bills for the Property. On or about March 2016, upon becoming extremely ill, Wickham, Sr., transferred the address on the Property's bills to his son, [Thomas] Wickham, Jr. Thereafter, Wickham, Sr., died testate, naming [Thomas] Wickham, Jr., as his sole heir.

However, as the parties have stipulated, upon his father's death, [Thomas] Wickham, Jr., was **not** the only potential heir of Albert and Clara Womelsdorf. They had two daughters, Alberta and Edna, both of whom are since deceased. Alberta married John Wickham, with whom she had two children—John Wickham, Jr., and Thomas Wickham, Sr., the aforementioned father of [Thomas Wickham, Jr.] John Wickham, Jr., died in March of 2016, leaving his estate to his wife, Anna Wickham. [John Wickham died in 1936]. Subsequently, Alberta Wickham married Robert T. Parker, with whom she had four children—Charles Parker, Karen Parker D'Alessandro,

Ronald Parker, and David Parker. David Parker died, leaving his estate to his wife Diane. Alberta and Robert Parker's three remaining children are living. Edna Womelsdorf married James P. White, who is now deceased. The couple had two children, Patricia White Benhayon and James White, Jr., both of whom are living.

That being said, there were seven potential heirs to the Property, besides Thomas Wickham, Jr., namely Anna Wickham, Charles T. Parker, Karen Parker D'Alessandro, Diane Parker, Ronald Parker, Patricia White Benhayon, and James White, Jr. Subsequent to the filing of this Petition, all other potential heirs disclaimed any interest to the Property, noting that it was, and continues to be, their belief that Clara Womelsdorf gave the Property to Wickham, Sr.

To that end, the evidence established that after his father's death on September 3, 2016, [Thomas] Wickham, Jr., believing his father was the sole owner of the Property, visited and examined the Property, analyzing how best to resurrect it from a blighted state. [Thomas] Wickham, Jr., determined that he would raze the structure, secure the premises, and then determine whether to sell the Property or enter into a joint venture to build upon the lot. In September 2016, [Thomas] Wickham, Jr., entered into an agreement with DD Fox Construction, LLC, to demolish the building on the Property, remove the debris, and complete potential stuccoing necessary on the adjacent property. At that point in time, the architect assigned to the project discovered that title to the Property remained in the names of Albert and Clara Womelsdorf, and informed [Thomas] Wickham, Jr., that due to the title, a permit could not be pulled. Until this point in time, Thomas Wickham, Jr., was not aware that his father's name was not on the deed.

Immediately after discovering the deed issue, Thomas Wickham, Jr., went to great lengths to correct the deed and consulted legal counsel to rectify the

> matter. He began the process to secure his name on the deed to the Property. He also began the work necessary to remediate the blighted conditions. This Petition was filed in January 2017, less than six months from the death of Wickham, Sr.
>
> With the parties in agreement that the Property meets the definition of "blighted," as set forth in the Act, and the parties having stipulated to the relevant facts preceding this action, the sole remaining issue is whether the current owner, [Thomas] Wickham, Jr., acquired the Property within six months of the filing of the Petition. This Court granted the parties leave to submit memoranda as to the issue of "whether the current owner acquired the Property at issue within six months of the filing of the Petition as set forth under 68 P.S. § 1105(d)(4)."

Trial court opinion, 8/28/17 at 1-4[1] (footnote omitted, emphasis in original).

By order filed August 28, 2017, the trial court denied the petition for appointment of a conservator and vacated the **lis pendens** filed on the Property.

On September 27, 2017, appellant filed a notice of appeal to this court. On October 18, 2017, the trial court filed an addendum to opinion that indicated that the basis for the trial court's decision was in the opinion that accompanied the order dismissing the petition and attached a copy of the opinion to the addendum. Although appellant includes a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) in its brief and

---

[1] The pages in the trial court opinion are unnumbered. We have numbered the pages in sequence.

reproduced record, the trial court did not request that appellant do so, and the statement is not part of the certified record before this court.

Appellant raises the following questions for this court's review:

1. Did the trial court error [sic] by finding that the alleged owner "present[ed] sufficient evidence that he has acquired the property within the preceding six months" of the filing of the ***Petition for the Appointment of a Conservator*** pursuant to 68 P.S. § 1105(d)(4)?

2. Did the trial court error [sic] by finding that an "owner" as defined by 68 P.S. § 1103 includes heirs with no ownership interest of public record?

3. Did the trial court error [sic] by applying the familial exception specified in 68 P.S. § 1105(d)(4) to this matter? This section provides in relevant part: "The evidence shall not include instances where the prior owner is a member of the immediate family of the current owner, unless the transfer of title results from the death of the prior owner." 68 P.S. § 1105(d)(4).

Appellant's brief at 6 (emphasis in original).

Before addressing the merits of this appeal, we must determine whether appellant properly preserved its issues for review. ***See Tucker v. R.M. Tours***, 939 A.2d 343, 348 (Pa.Super. 2007), ***affirmed***, 977 A.2d 1170 (Pa. 2009), citing ***Commonwealth v. Wholaver***, 903 A.2d 1178 (Pa. 2006), ***cert. denied***, 549 U.S. 1171 (2007) (stating "[appellate courts] may ***sua sponte*** determine whether issues have been properly preserved for appeal").

J. A12033/18

The Pennsylvania Rules of Civil Procedure set out the requirements for post-trial relief and state:

> **Rule 227.1 Post-Trial Relief**
>
> . . . .
>
> (c) Post-trial motions shall be filed within ten days after
>
>> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
>>
>> (2) notice of nonsuit or the filing of the decision in the case of a trial without a jury.
>
> If a party has filed a timely post-trial motion, any other party may filed a post-trial motion within ten days after the filing of the first post-trial motion.
>
>> ***Note***: A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. A motion for post-trial relief may not be filed to orders disposing of . . . other proceedings which do not constitute a trial. ***See U.S. National Bank in Johnstown v. Johnson***, 506 Pa. 622, 487 A.2d 809 (1985).
>>
>> A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.
>
> . . . .

Pa.R.Civ.P. 227.1(c)(1-2) and Note.

As the rule and accompanying note state, a post-trial motion does not have to be filed following a proceeding that does not constitute a trial.

In order to determine whether an appellant must file post-trial motions following a proceeding in court, this court must consider whether (1) the plain language of Rule 227.1 makes clear that a post-trial motion is required, (2) case law provides that a post-trial motion is required, even if Rule 227.1 is silent on the subject, and (3) practicing attorneys would reasonably expect that a post-trial motion was necessary. ***Newman Dev. Group of Pottstown, LLC v. Genuardi's Family Mkts.***, 52 A.3d 1233, 1248 (Pa. 2012).

Recently, in ***G & G Investors, LLC v. Phillips Simmons Real Estate Holdings, LLC***, 183 A.3d 472 (Pa.Super. 2018), this court determined that the petition for the appointment of a conservator pursuant to the Act was a proceeding that required the filing of a post-trial motion where the parties offered exhibits into evidence and examined and cross-examined witnesses and where the trial court relied on the hearing testimony and documentary evidence when it denied the petition. This court held that where no post-trial motion was filed and a timely notice of appeal was filed, the issues on appeal were waived.[2]

---

[2] It appears that ***G & G*** decided an issue of first impression as to the requirements under the petition practice of the Act. No request for reargument or petition for allowance of appeal has been filed. This court notes that Attorney Richard L. Vanderslice, counsel for appellant here, also represented G & G Investors, LLC, in ***G & G***.

Similarly, here the parties presented stipulations:  that the Property qualified as blighted under the Act; that Albert H. Womelsdorf and Clara J. Womelsdorf were the titled owners of the Property under a deed dated November 4, 1950, and recorded November 30, 1950; concerning the relationship of Thomas Wickham, Sr., to the Womelsdorfs and the Property; and that Thomas Wickham, Sr., left all of his property to Thomas Wickham, Jr. (Notes of testimony, 5/23/17 at 4-5.)  The parties also stipulated as to the other potential heirs of Clara J. Womelsdorf and that these heirs disclaimed any interest in the Property.  (*Id.* at 6-9.)  Thomas Wickham, Jr., included his affidavit along with a memorandum of law that the trial court requested.

The trial court relied at least in part on these stipulations and the affidavit in rendering its decision.  Although there were not live witnesses, as in **G & G**, evidence was presented by stipulation at the hearing.  If the parties had not agreed to the stipulations, they would have had the opportunity to present witnesses.

Moreover, the Supreme Court of Pennsylvania in **Motorists Mut. Ins. Co. v. Pinkerton**, 830 A.2d 958, 964 (Pa. 2003), held that orders following trials on stipulated facts must be treated the same as orders following other trials.  In other words, in both situations, a party who wishes to appeal must first file post-trial motions.  Our supreme court based its decision on the Explanatory Comment to Rule 1038.1 of the Pennsylvania Rules of Civil Procedure, which stated that trials based on stipulated facts follow the

procedure of a non-jury trial with respect to the decision, post-trial practice, and appeal.  *See* Pa.R.Civ.P. 1038.1 (Explanatory Comment-1996).

As in *G & G*, appellant filed a timely notice of appeal but failed to preserve any issues on appeal when it did not file a post-trial motion. Accordingly, appellant waived all issues on appeal.  Assuming *arguendo*, that appellant did preserve its issues on appeal, this court would still affirm based on the well-reasoned opinion of the trial court.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/24/2018*