IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen C. Alexander,     :
       Appellant :
          :
    v.      :
          :
Mt. Joy Township and its Board of :
Supervisors and Roadmaster,  :
John Gormont Supervisor,   :
David Updyke Supervisor,   :
Dennis Bowman Supervisor,  :
Jeffery Patterson Supervisor,  :
Terry Scholle Supervisor,   : No. 211 C.D. 2020
Bradley Shank Roadmaster  : Submitted: December 8, 2025[1]

BEFORE: HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON     FILED: January 9, 2026

    Stephen C. Alexander (Appellant) appeals, *pro se*, the January 30, 2020 order (Trial Court Order) of the Court of Common Pleas of Adams County (Trial Court) in which the Trial Court granted a motion to strike and sustained preliminary objections filed on behalf of Mount Joy Township, the Mount Joy Township Board of Supervisors and Roadmaster, John Gormont, David Updike, Dennis Bowman,

---

[1] This matter was assigned to the undersigned for disposition on December 8, 2025. A letter from the Court's Prothonotary to Appellant and Appellees' Counsel dated June 2, 2025, indicated that the Court received Appellant's brief on February 25, 2020, and directed Appellees to file their appellate brief by July 2, 2025. No explanation exists in the record or docket for the delay of over five years between the filing of Appellant's brief and the Prothonotary's June 2, 2025 letter, although none of the parties lodge a complaint in reference to this delay.

Jeffery Patterson, Terry Scholle, and Bradley Shank (collectively, Appellees), to Appellant's "Reinstated Complaint" and dismissed the Reinstated Complaint with prejudice. Upon review, we affirm the Trial Court Order in part, reverse the Trial Court Order in part, and remand the matter to the Trial Court to permit Appellant to file an amended complaint.

## I. Background and Procedural Posture

Appellant filed a complaint on August 19, 2019, against Mount Joy Township, its Board of Supervisors, and its Roadmaster, specifically naming John Gormont, David Updike, Dennis Bowman, Jeffery Patterson, Terry Scholle, and Bradley Shank[2] in their official and individual capacities. *See* Opinion, January 30, 2020 (Trial Court Opinion)[3] at 1, Original Record (O.R.) Item No. 14;[4] *see also* "A complaint addressing the intentionally tortious acts of the Supervisors of Mt. Joy Township and their Roadmaster" filed August 19, 2019 (Reinstated Complaint),[5] O.R. Item No. 1. In brief, the Reinstated Complaint forwarded allegations relating

---

[2] At the time Appellant filed the Complaint, Messieurs Gormont, Updike, Bowman, Patterson, and Scholle served as members of Mount Joy Township's Board of Supervisors, and Mr. Shank served as Mount Joy Township's Roadmaster. *See* Trial Court Opinion at 3.

[3] The Trial Court incorporated and adopted the Trial Court Opinion as its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). *See* Opinion Pursuant to Pa. R.A.P. 1925(a) filed April 13, 2020.

[4] No party filed a reproduced record in this matter. Thus, specific documents herein are initially identified by the documents' item numbers from the original record received from the Trial Court.

[5] Appellant failed to properly serve Appellees with the original complaint. *See* Trial Court Opinion at 1. However, the Trial Court Prothonotary's office reinstated the original complaint on September 16, 2019. *See id.* The Trial Court therefore refers to the complaint in this matter as the "Reinstated Complaint." For consistency, this Court will also refer to Appellant's complaint herein as the "Reinstated Complaint."

to Mount Joy Township's upkeep of Barlow-Two Taverns Road, which is located within Mount Joy Township. *See* Reinstated Compl. §§ 1, 8, 18 & 20-21. Appellant's wife owns the property located at 1735 Barlow-Two Taverns Road, Gettysburg, Pennsylvania (Property); Appellant is not a record owner of the Property. *See* Reinstated Compl. at Appendix E. The Reinstated Complaint purported to raise eight claims sounding in Gross Negligence (Counts 1 & 4), Breach of Duty (Counts 2 & 6), Breach of Public Trust (Count 3), and Breach of Statutory Duty (Counts 5, 7 & 8). *See* Original Complaint §§ 23-174. The Reinstated Complaint further alleged additional, unnumbered claims of trespass, harassment, and intimidation perpetrated upon him by the Mount Joy Township's road crew. *See* Reinstated Compl. §§ 16-21.

Appellees filed preliminary objections to the Reinstated Complaint (First Preliminary Objections) on October 15, 2019. *See* Trial Court Opinion at 1; *see also* Preliminary Objections, O.R. Item No. 4. On October 18, 2019, the Trial Court ordered Appellant to file an answer to the First Preliminary Objections and a brief in support of such answer. *See* Trial Court Opinion at 1; *see also* Order of Court filed Oct. 18, 2019 (October 18 Order), O.R. Item No. 5. The Trial Court also scheduled a hearing on the First Preliminary Objections. *See* Trial Court Opinion at 1; *see also* October 18 Order.

In response to the October 18 Order, on November 12, 2019, Appellant filed three pleadings (collectively, November 12 Filings). First, Appellant filed a "Precipe" [sic] (First Praecipe), which appears to be an introduction to the "Plaintiff's response to Defendants['] Preliminary [O]bjections" (PO Response), which was the second of the November 12 Filings. *See* Trial Court Opinion at 1-2; *see also* First Praecipe, O.R. Item No. 8; PO Response, O.R. Item No. 7. The PO

3

Response purported to add two additional counts to the Reinstated Complaint.[6] *See* Trial Court Opinion at 1-2; PO Response. A third filing, also entitled "Precipe" [sic] (Second Praecipe), which Appellant prefaced with a statement that explained that "[t]his matter is private and confidential and for the eyes of the [Trial] Court only." *See* Trial Court Opinion at 1-2; *see also* Second Praecipe, O.R. Item No. 9. The purported "private and confidential" information included with the Second Praecipe was a document that contained an attached purported indenture from 2006 relating to the Property apparently submitted to supplement the PO Response by illustrating Appellant's ownership interest in the Property. *See* Second Praecipe. Appellant did not serve the Second Praecipe on Appellees or Appellees' counsel. *See* Trial Court Opinion at 2.

Following the November 12 Filings, on November 18, 2019, Appellees filed a brief in support of the First Preliminary Objections as well as a "Motion to Strike Portions of Plaintiff's Response to [the First] Preliminary Objections and 'Precipe' [sic] ("Confidential and Private Materials")" (Motion to Strike). *See* Trial Court Opinion at 2; *see also* Brief In Support of Preliminary Objections, O.R. Item No. 12; Motion to Strike, O.R. Item No. 10. Also on November 18, 2019, uncertain whether the Trial Court would treat Appellant's November 12 filings as an amended complaint, Appellees also filed their "Preliminary Objections to 'Amended Complaint'" (Second Preliminary Objections) (collectively with the First Preliminary Objections, Appellees' Preliminary Objections). *See* Trial Court Opinion at 2; *see also* Second Preliminary Objections, O.R. Item No. 11. Appellees

---

[6] The PO Response included "Count 1 Breach of Fiduciary Duty: Harassment," "Count II Breech [sic] of Fiduciary Duty: Amendment 2," and "amendments" to various paragraphs of the Reinstated Complaint. *See* PO Response at 15-22.

thereafter filed a brief in support of the Second Preliminary Objections on December 2, 2019. *See* Trial Court Opinion at 2; *see also* Brief In Support of Preliminary Objections to Amendments to Reinstated Complaint, O.R. Item No. 13.

Following oral argument, on January 30, 2020, the Trial Court entered its Order and Opinion. *See* Trial Court Order & Trial Court Opinion, O.R. Item No. 14. The Trial Court Order granted the Motion to Strike and sustained Appellees' Preliminary Objections as follows:

> 1. [The] "[First] Precipe" [sic] and the portions of Plaintiff's Response to Preliminary Objections that [Appellees] have challenged are stricken.
>
> 2. [The] "[Second] Precipe" [sic] [] is stricken.
>
> 3. [Appellees'] Preliminary Objections to [Appellant's] joinder of [Appellees] in their personal capacity, [Appellant's] lack of standing and th[e Trial] Court's lack of subject matter jurisdiction are sustained.
>
> 4. [The] Reinstated Complaint is dismissed with prejudice.

Trial Court Order. In the Trial Court Opinion, the Trial Court first explained that it struck the objected-to paragraphs from the PO Response because they raised additional claims not included in the Reinstated Complaint. *See* Trial Court Opinion at 2-3. The Trial Court then explained that it sustained Appellees' Preliminary Objections relating to the individual Appellees in their individual capacities because Appellant had failed to include information in the Reinstated Complaint regarding how the Mount Joy Supervisors or Roadmaster were liable in their individual capacities. *See id.* at 3-4. The Trial Court further stated that Appellant lacked standing because the Reinstated Complaint did not allege an adequate property

5

interest held by Appellant in the Property. *See id.* at 4-5. The Trial Court also stated that, even if viewed to have standing, Appellant failed to join the record owner of the Property (his wife) as a necessary party to the action. *See id.* at 5. The Trial Court additionally explained that it lacked subject matter jurisdiction over the relief requested in the Reinstated Complaint, to wit, an order directing Mount Joy Township to close Township roads or perform maintenance as requested. *See id.* at 5-6. The Trial Court further explained that it had already dismissed with prejudice the claims contained in the Reinstated Complaint in previous litigation. *See id.* Ultimately, the Trial Court sustained the Appellees' Preliminary Objections and dismissed the Reinstated Complaint with prejudice. *See id.* at 6; *see also* Trial Court Order.

Appellant timely appealed the Trial Court Order to this Court. *See* Notice of Appeal, O.R. Item No. 15.

## II. Issues

On appeal,[7] Appellant argues that the Trial Court erred by granting the Motion to Strike and sustaining Appellees' Preliminary Objections. *See* Appellant's Br. at 5 & 8-11. Specifically, Appellant claims that the Trial Court erred by improperly striking the November 12 Filings and by sustaining Appellees' Preliminary Objections based on the Appellees' liability in their individual capacities, Appellant's standing, and by determining that the Reinstated Complaint

---

[7] Where a trial court dismisses a complaint as a result of preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *See Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018).

6

is barred on *res judicata* grounds based on a prior lawsuit dismissed by the Trial Court in 2014.  *See* Appellant's Br. at 5[8] & 8-11.

### III. Discussion

### A. *Naming Appellees in Their Individual Capacities*

First, Appellant alleges that the Trial Court erred by sustaining Appellees' Preliminary Objections pursuant to Pennsylvania Rule of Civil Procedure 1019(a).  *See* Appellant's Br. at 9.  He is not entitled to relief.

Pennsylvania Rule of Civil Procedure 1019(a) requires that averments in pleadings state "[t]he material facts on which a cause of action or defense is based[.]"  Pa.R.Civ.P. 1019(a).  Regarding Appellant's attempt to bring suit against Mount Joy Township's Supervisors and Roadmaster in their individual capacities, after discussing prior litigation involving Appellant, Mount Joy Township, and the Mount Joy Township Board of Supervisors, the Trial Court stated:

---

[8] Appellant's Statement of Questions Involved lists his issues for review as follows:

> 1. Was the [Trial] Court in error in dismissing [Appellant's] response to amendments made in response to [A]ppellee[]s[' P]reliminary [O]bjections?
>
> 2. Was the [Trial] Court in error when it struck from the record [Appellant's] confidential and private materials from the record?
>
> 3. Was the [Trial] Court in error when dismissing [Appellant's] [Reinstated C]omplaint for naming the Supervisors of Mt. Joy Township and their Roadmaster by name and in their professional capacity?
>
> 4. Was the [Trial] Court in error when it stated it lacked subject matter jurisdiction as a reason for dismissing [Appellant's Reinstated C]omplaint?

Appellant's Br. at 5.

> [Appellant] has again brought suit against Mt. Joy Township and its Board of Supervisors. This time [Appellant] goes farther by also suing the Township Supervisors and the Township Roadmaster in both their professional and personal capacities. [Appellees] raise a Preliminary Objection to this pursuant to Pa.R.C[iv].P. 1028(a)(2), Failure of Pleading to Conform to Law or Rule. [Appellants] specifically allege that [Appellant] violated Pa.R.C[iv].P. 1019(a) by failing to include any information as to how the Mt. Joy Supervisors and Roadmaster are liable in their personal capacity. This [c]ourt agrees with [Appellees], and during the hearing of this matter, [Appellant] even acknowledged that he was only suing Mt. Joy Township and its Supervisors and Roadmaster in a professional capacity. Thus, [Appellant] improperly included Mt. Joy Township's Supervisors and Roadmaster in a personal capacity in [the Reinstated] Complaint.

Trial Court Opinion at 3-4.

In his brief, Appellant appears to agree with the Trial Court's assessment. *See* Appellant's Br. at 9. In his argument on this point, Appellant concedes that he "chose not to include[] Appellees in their personal capacity[.]" Appellant's Br. at 9. Appellant also acknowledged in his argument that he conceded during the hearing before the Trial Court that he was suing the Mount Joy Township Supervisors and Roadmaster only in their professional capacities. *See* Appellant Br. at 9 ("That [Appellant] informed the [Trial] Court that his intent at the time was to limit [Appellees'] liability to their professional capacities . . . . Page 4 of the [Trial] Court[ O]pinion notes [Appellant's] intention and any confusion was quickly and easily resolved.").[9]

---

[9] The entirety of Appellant's argument on this issue is as follows:

8

Our review of the Reinstated Complaint confirms the Trial Court's assessment that Appellant failed to specifically aver adequate facts to bring suit against Mount Joy Township's Supervisors or Roadmaster in their individual capacities. Moreover, Appellant's statements/concessions confirm the Trial Court's determination. Accordingly, we find no error in the Trial Court sustaining Appellees' Preliminary Objections to this extent.

## B. *Motion to Strike*

Appellant next alleges that the Trial Court erred by granting Appellees' Motion to Strike the November 12 Filings. *See* Appellant's Br. at 8. To the extent discernable, Appellant argues that the November 12 Filings should have been considered an amended complaint filed pursuant to Pennsylvania Rule of Civil Procedure 1028(c)(1) requiring a response pursuant to Pennsylvania Rule of Civil Procedure 1028(f). *See id.*

---

### 3. Improper Joinder of Parties

That [Appellant] is aware that each of the Supervisors and their Roadmaster are in fact stripped of their immunity and face personal liability as a result of the actions described by [Appellant]. However, as the acts of the Township are repairable, [Appellant] chose not to include[] Appellees in their personal capacity, as damages, if awarded, would undoubtedly result in the loss of Appellees['] homes, vehicle, savings, etc. That [Appellant] informed the [Trial] Court that his intent at the time was to limit their liability to their professional capacities, a decision, that, as [Appellant] been [sic] forced to actually consider Appellees['] actions, he regrets, and would alter if allowed, as his is an undeserved kindness. However, Page 4 of the [Trial] Court[ O]pinion notes [Appellant's] intention and any confusion was quickly and easily resolved.

Appellant's Br. at 9 (footnote omitted).

9

Initially, we observe that,

> [u]nder Pennsylvania law, *pro se* litigants are subject to the same rules of procedure as are represented litigants. *See Commonwealth v. Williams*, [] 896 A.2d 523, 534 ([Pa.] 2006) (*pro se* litigants are held to same standards as licensed attorneys).
>
> Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

*Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) (quoting *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (original brackets omitted)).

Pennsylvania Rule of Civil Procedure 1028(c)(1) provides that "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot." Pa.R.Civ.P. 1028(c)(1). Thus, pursuant to Pennsylvania Rule of Civil Procedure 1028(c)(1), litigants are allowed to amend a complaint within 20 days after receiving preliminary objections. *See id.* Pennsylvania Rule of Civil Procedure 1028(f) then instructs that "[o]bjections to any amended pleading shall be made by filing new preliminary objections." Pa.R.Civ.P. 1028(f).

The Trial Court observed the following in reference to the November 12 filings:

> On November 12, 2019, [Appellant] filed a pleading labeled "Precipe" [sic], a pleading labeled "Plaintiff's

response to Defendants Preliminary objections", and a third pleading labeled "Precipe" [sic] in which [Appellant] stated "This matter is private and confidential for the eyes of the [Trial] Court only" and had attached to it an indenture. This "Precipe" [sic] was never served on Defense Counsel, Susan J. Smith, Esq.

Trial Court Opinion at 1-2.

The Trial Court then explained the following regarding the November 12 Filings:

This [c]ourt notes that [Appellant] has failed to comply with the Pennsylvania Rules of Civil Procedure when filing his pleadings, and thus has created a situation where there are two Preliminary Objections by [Appellees], essentially to the same Reinstated Complaint, and [Appellees'] Motion to Strike [Appellant's] Response and the Precipes [sic]. During oral argument, [Appellees'] Counsel indicated that the substance of [Appellees'] different Preliminary Objections remained the same, and that [Appellees'] Counsel filed both a second Preliminary Objection and a Motion to Strike the Response and "Precipe" [sic] as a cautionary measure, as [Appellees'] Counsel was unsure how this [c]ourt would treat [Appellant's] Responsive pleadings.

Trial Court Opinion at 2. The Trial Court continued in its analysis of the November 12 Filings, stating:

In response to [Appellees' First] Preliminary Objections [], [Appellant] filed a "Precipe" [sic] that was intended to be an introduction to his [PO Response], and an additional "Precipe" [sic] in an effort to supplement the [Reinstated] Complaint. Additionally, in [the PO Response], a number of paragraphs contain factual averments that were not stated in the Reinstated Complaint and added attachments that were not attached to [the] Reinstated Complaint both

11

in an attempt to raise additional claims through these "Precipes [sic]." The filings are not proper responsive pleadings and are not in accordance with Pennsylvania Rules of Civil Procedure. [Appellant] has not filed a proper [a]mended [c]omplaint. Therefore, for these reasons [the] Motion to Strike [] is granted.

Trial Court Opinion at 2-3.

We find that the Trial Court properly characterized the First Praecipe as an introduction to Appellant's responsive pleading to the PO Response, that the PO Response itself contained averments outside the Reinstated Complaint, and further, that the Second Praecipe was an attempt to supplement the PO Response. We further observe that the PO Response purports to amend the Reinstated Complaint by adding various allegations. *See* PO Response at 15-22. While these amendments do not strictly comply with Pa.R.Civ.P. 1028(c)(1) in that they are not a separate filing of an amended complaint, the PO Response and Second Praecipe clearly evidence Appellant's intent and attempt to amend the Reinstated Complaint in response to Appellees' Preliminary Objections. Accordingly, we believe that the Trial Court should have viewed the November 12 Filings as an obvious attempt by a *pro se* litigant to amend the Reinstated Complaint and allowed Appellant an opportunity to do so in compliance with Pa.R.Civ.P. 1028(c)(1).[10]

---

[10] This determination is made in consideration of the long accepted notion that "*pro se* litigants are subject to the same rules of procedure as are represented litigants." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) (quoting *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014)). We observe, however, that our conclusion that the Trial Court should have viewed the November 12 Filings as a less-than-perfect attempt to amend the Reinstated Complaint would have applied equally had the November 12 Filings been drafted and filed by a licensed attorney.

12

## C. *Standing*

Appellant next claims that the Trial Court erred by sustaining Appellees' Preliminary Objections that he lacked standing to bring this lawsuit. *See* Appellant's Br. at 9. We agree.

Our Supreme Court has explained the following regarding standing:

> In Pennsylvania, a party to litigation must establish as a threshold matter that he or she has standing to bring an action. Standing in Pennsylvania is a jurisprudential matter. In our Court's landmark decision on standing, we explained that a person who is not adversely impacted by the matter he or she is litigating does not enjoy standing to initiate the court's dispute resolution machinery. This is consistent with our jurisprudential approach that eschews advisory or abstract opinions, but, rather, requires the resolution of real and concrete issues. As we [have] explained [], the party to the legal action must be "aggrieved."
>
> In determining whether a party is aggrieved, courts consider whether the litigant has a substantial, direct, and immediate interest in the matter. To have a substantial interest, the concern in the outcome of the challenge must surpass the common interest of all citizens in procuring obedience to the law. An interest is direct if it is an interest that mandates demonstration that the matter caused harm to the party's interest. Finally, the concern is immediate if that causal connection is not remote or speculative. The keystone to standing in these terms is that the person must be negatively impacted in some real and direct fashion.

*Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016) (internal quotation marks, citations, and footnote omitted).

Regarding Appellant's standing in the instant matter, the Trial Court explained:

13

[Appellant] fails to aver in his pleadings that he is the owner of 1735 Barlow-Two Taverns Road, and instead claims he resides at the [P]roperty and "is the [P]roperty's primary (outdoor) caretaker, and has an unperfected interest, survivor[']s right, as well as other interests in the [P]roperty. Through [Appellant's] "confidential and private [']Precipe[']", he attempted to present th[e Trial] Court with an indenture in an attempt to show that [Appellant] is the [P]roperty owner. That indenture is not recorded, and was not attached to or referenced in the [Reinstated] Complaint. Contrary to the "Precipe" information, public records show that [Appellant] does not have an ownership interest in the [P]roperty, and the indenture alleging his part ownership is not recorded in the Adams County Recorder of Deeds office. As previously stated, th[e Trial] Court is striking the "Precipe" and the indenture attached to it, leaving [Appellant] no factual averments to show his ownership interest in the [P]roperty. Because [Appellant] has no ownership interest in the [P]roperty, he lacks substantial, direct, and immediate interest to bring this complaint. As such, [Appellant] lacks standing to bring his Reinstated Complaint.

Trial Court Opinion at 4-5.

We do not agree with the Trial Court's standing assessment. While the deed attached to the Reinstated Complaint does not list Appellant as an owner of the Property,[11] the Reinstated Complaint alleges that Appellant resides at the Property[12] and, to the extent discernible, is apparently attempting to plead negligence and tort claims purportedly perpetrated by Appellees against Appellant himself. Appellant claims that Mount Joy Township used its road crews "to harass and intimidate [him

---

[11] *See* Reinstated Complaint, Appendix E.

[12] *See* Reinstated Complaint ¶ 1.

in acts both petty and serious[.]" Reinstated Complaint ¶ 16. He appears to claim that Appellees' negligence has damaged his fence, created a health hazard, and deprived him of the use of his property. *See* Reinstated Complaint ¶¶ 53, 61 & 113. Such claims allege immediate injuries specific to Appellant and his property. Otherwise stated, the Reinstated Complaint seemingly attempts to make allegations of negligence and torts that purportedly have a real and direct negative impact on Appellant. If true, Appellant would be aggrieved by the actions claimed in the Reinstated Complaint, which are personal to Appellant, independent of his ownership interest in the Property or that of his wife. The Trial Court accordingly erred by determining that Appellant lacked standing regarding these claims. *Markham*, 136 A.3d at 140.

Regarding the averments in the Reinstated Complaint that allege that Appellants' actions resulted in a diminution of the Property's value,[13] the Reinstated Complaint, as it currently exists, fails to definitively state Appellant's equitable interest in the Property. The Reinstated Complaint alleges that Appellant resides at the Property with his wife and that the pair purchased the Property for its location on a quiet and gently used country road. However, the Reinstated Complaint does not include allegations or attachments that clarify Appellant's ownership interest in the Property either by title deed or as marital property held by Appellant and his wife.[14] Accordingly, we will remand the matter to the Trial Court to allow Appellant 20 days or such other period prescribed by the Trial Court as provided by Rule

---

[13] *See*, *i.e.*, Reinstated Complaint ¶¶ 53, 113.

[14] We observe that the PO Response also alleges that Appellant "has an unperfected interest, survivors [sic] right, as well as other interests in th[e P]roperty." PO Response at 7. The Second Praecipe's attachment purports to support this claim with an unrecorded indenture. *See* Second Praecipe.

15

1028(e) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1028(e), to amend the Reinstated Complaint consistent with this opinion.

### D. *Failure to Include Necessary Party*

We further find that the Trial Court erred by granting Appellees' Preliminary Objections challenging Appellant's failure to join his wife, Sally Alexander, as a party to the litigation.

Pennsylvania Rule of Civil Procedure 2227, entitled "Compulsory Joinder," provides:

> (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.
>
> (b) If a person who must be joined as a plaintiff refuses to join, he or she shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.

Pa.R.Civ.P. 2227. Additionally, Pennsylvania Rule of Civil Procedure 1028(a)(5) permits a party to file a preliminary objection based on a nonjoinder of a necessary party. Pa.R.Civ.P. 1028(a)(5). "[A] necessary party is one whose presence, while not indispensable, is essential if the court is to resolve completely a controversy and to render complete relief." *Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283, 1289 (Pa. Cmwlth. 2012) (quoting *Pa. Hum. Rels. Comm'n v. Sch. Dist. of Phila.,* 651 A.2d 177, 184 (Pa. Cmwlth. 1993)).

Here, regarding the non-joinder of Appellant's wife, the Trial Court stated:

> [Appellant] has failed to join a necessary party in his wife Sally Alexander. Mrs. Alexander is the ***recorded*** owner

16

of 1735 Barlow-Two Taverns Road. [] As an owner of the property in question, Mrs. Alexander has at least a joint interest in this litigation and should have been named as a party. Pa.R.C[iv].P. 2227(2). Mrs. Alexander has not joined this litigation. As such, [Appellant] has failed to conform to a Pennsylvania Rule of Civil Procedure for his failure to join his wife as an indispensable party to his Reinstated Complaint. Pa.C[iv].P. 1028[(a)](2), (5).

Trial Court Opinion at 5 (emphasis in original).

However, as discussed *supra*, certain of the allegations contained in the Reinstated Complaint are specific to Appellant, independent of his wife or consideration of his (or her) ownership interest in the Property. Therefore, Appellant's failure to join his wife as a party to this matter does not warrant dismissal of the Reinstated Complaint in its entirety.[15]

**E. *Res Judicata***

Finally, Appellant claims that the Trial Court improperly determined that the Reinstated Complaint was barred by *res judicata*. *See* Appellant's Br. at 10. We agree.

As this Court has explained:

*Res judicata* encompasses two related, yet distinct principles: technical *res judicata* and collateral estoppel. Technical *res judicata* provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. Collateral estoppel acts to foreclose litigation in a subsequent action where issues of

---

[15] To the extent Appellant's wife need be joined in relation to the other claims that concern an alleged diminution in value of the Property or other Property based claims, we leave such questions for after Appellant files an amended complaint as provided above and Appellees file motions based thereon, if appropriate.

law or fact were actually litigated and necessary to a previous final judgment.

Technical *res judicata* requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Res judicata* applies to claims that were actually litigated as well as those matters that should have been litigated. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings.

Similarly, collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action, and (4)[] the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) (internal citations omitted).

Here, the Trial Court discussed the previous case of *Alexander v. Board of Supervisors of Mount Joy Township and Zoning Hearing Board of Mount Joy Township*, Court of Common Pleas of Adams County Docket No. 2013-S-118 *(Alexander I)*, in which Appellant previously requested that the Trial Court order the closure of Barlow-Two Taverns Road. *See* Trial Court Opinion at 3-5; *Alexander I*. In *Alexander I*, the Trial Court determined that Appellant lacked standing as a result of not owning the Property. *See Alexander I*, slip op. at 4-5. The Trial Court also noted that Appellant failed to meet necessary elements for mandamus relief and that,

18

even if he had met such elements, he still would lack standing because he failed to allege a beneficial interest distinct from that of the general public. *See id.*, slip op. at 5-6. The Trial Court continued, observing that Appellant, as neither owner, nor tenant, nor holder of a legally cognizable interest, also lacked standing to bring a claim sounding in trespass. *See id.*, slip op. at 6. Ultimately, the Trial Court found Appellant's requested relief to be a violation of the Separation of Powers Doctrine,[16] granted the preliminary objections filed by the Board of Supervisors of Mount Joy Township and the Mount Joy Township Zoning Hearing Board, and dismissed the matter with prejudice. *See id.*, slip op. at 7 & Order.

Here, the Trial Court determined that the principles of *res judicata* prevented it from determining Appellant's Prayer for Relief No. 2, which requests:

> That the traffic on Barlow[-]Two Taverns is a danger and [Appellant] would ask that it be closed to all through traffic, save deliveries, from Patterson to 97, that the speed limit be lowered to 35 MPH and, that the Township make accommodations with the Pennsylvania State Police to enforce the same; and that the Township remove all the offending results of their tar and chipping and that the

---

[16] The well-recognized Separation of Powers Doctrine

> is inherent in the Pennsylvania Constitution and is essential to our tripartite governmental framework consisting of a legislative, judicial, and executive branch. The doctrine makes manifest that the three branches of government are co-equal and independent and divides power accordingly, with the underlying rationale of the doctrine being that it prevents one branch of government from exercising, infringing upon, or usurping the powers of the other two branches. This prohibition is also related to the system of checks and balances, which prevents one branch from acting unchecked.

*Crawford v. Commonwealth*, 326 A.3d 850, 857 (Pa. 2024) (internal citations, quotation marks, and brackets omitted).

cartway of the road be restored to its original width and the shoulders be restored.

Reinstated Complaint at 24. The Trial Court suggested that Appellant previously requested the same relief in *Alexander I*. *See* Trial Court Opinion at 5-6. The Trial Court then stated:

> Nothing has changed since 2014 when Judge Kuhn sustained the [p]reliminary [o]bjections against [Appellant] while dismissing [Appellant's] claim **with prejudice**. ([E]mphasis added). Thus, *res judicata* would apply to prevent th[e Trial] Court from ruling any differently. *U.S. Nat. Bank in Johnstown v. Johnson*, 487 A.2d 809, 813 (Pa. 1985). Th[e Trial] Court, through Judge Kuhn, has already determined there is no subject matter jurisdiction which would allow it to grant [Appellant's] requested relief. That decision is final.

Trial Court Opinion at 5-6.

We do not agree with the Trial Court's determination. While the instant matter partially concerns requested relief regarding Barlow-Two Taverns Road similar to that denied by the Trial Court in *Alexander I*,[17] the Reinstated Complaint raises different claims from the mandamus claims presented in *Alexander I* and requests slightly different relief. While the Separation of Powers Doctrine may again provide Appellees with a defense to the Reinstated Complaint, the causes of action and relief sought in the Reinstated Complaint are not identical to those of *Alexander I*. Accordingly, the Trial Court erred to the extent it determined that all claims contained in the Reinstated Complaint were barred by *res judicata*.

---

[17] *See Alexander I*, slip op. at 2-3.

20

## IV. Conclusion

For the reasons above, we affirm the Trial Court Order to the extent it sustained Appellants' Preliminary Objections regarding Appellant suing Appellees in their individual capacities. However, we reverse the Trial Court Order to the extent it granted the Motion to Strike and sustained Appellees' Preliminary Objections based on Appellant's standing, failure to join a necessary party, and *res judicata*. We remand the matter to the Trial Court to allow Appellant an opportunity to amend the Reinstated Complaint consistent with the foregoing opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen C. Alexander, : 
                Appellant : 
                     : 
           v. : 
                     : 
Mt. Joy Township and its Board of : 
Supervisors and Roadmaster, : 
John Gormont Supervisor, : 
David Updyke Supervisor, : 
Dennis Bowman Supervisor, : 
Jeffery Patterson Supervisor, : 
Terry Scholle Supervisor, : No. 211 C.D. 2020
Bradley Shank Roadmaster :

## O R D E R

AND NOW, this 9th day of January, 2026, the January 30, 2020 order of the Court of Common Pleas of Adams County (Trial Court) is AFFIRMED to the extent it sustained Appellants' Preliminary Objections regarding Appellant suing Appellees in their individual capacities. The Trial Court Order is REVERSED to the extent it granted the "Motion to Strike Portions of Plaintiff's Response to [the First] Preliminary Objections and 'Precipe' [sic] ("Confidential and Private Materials")" and sustained Appellees' Preliminary Objections based on Appellant's standing, failure to join a necessary party, and *res judicata*. The matter is REMANDED to the Trial Court to allow Stephen C. Alexander to amend his pleadings consistent with the attached memorandum opinion. Jurisdiction relinquished.

 

_____
CHRISTINE FIZZANO CANNON, Judge